THOMAS M. KING et al., Respondents, *v.* REON BARNES et al., Appellants.

An appeal may not be taken to this court from an interlocutory judgment. (Code of Civ. Pro., §§ 190, 191.)

A judgment which, although it finally determines certain matters in controversy, orders an accounting before a referee, is an interlocutory judgment.

An order of General Term reversing an order made on trial which denied a motion to amend the complaint, and granting the amendment, when the amendment does not virtually change the plaintiffs' claim, is in the discretion of the court and is not reviewable here. (Code, § 723.)

The judgment of the General Term herein ordered that certain shares of stock should be delivered by one of the defendants, who held them as depositary or custodian, to a referee appointed by the judgment. On appeal by defendants to this court they gave the security required to perfect the appeal. (Code, § 1326.) They then moved that the custodian be required to deliver the stock to the referee, which was granted, and the stock was so delivered. On motion of certain of the defendants, plaintiffs proceedings on the judgment were stayed until the hearing and decision of said appeal; that order was reversed by the General Term. *Held*, that the General Term order was not reviewable here; that if the proceedings were in fact stayed by the Code (§ 1328), the appellants were not entitled as a matter of right to an order, but it was in the discretion of the court, and its determination was not reviewable here.

(Argued October 18, 1887; decided October 25, 1887.)

THREE appeals and three motions in this action were argued and disposed of together. As to the appeals the following is the *mem.* of the opinion:

"*First.* The judgment of the Special Term entered on the 2d day of August, 1886, was an interlocutory judgment. It finally determined certain matters in controversy between the parties, but it ordered an accounting between them and appointed a referee for that purpose; and final judgment could not be entered until the accounting was had and report made. From that judgment the defendant, Barnes, appealed to the General Term, and he also served notice of a motion at the General Term under section 1001 of the Code for a new trial upon the exceptions. The motion and the appeal came on to be heard at the General Term at the same time and the motion was denied and the judgment was modified. But the

modification of the judgment in no way affected its character as an interlocutory judgment. The accounting between the parties was still to be had and its scope was enlarged and all questions as to costs and expenses of the reference, as to the distribution by the referee of moneys which should come into his hands under the judgment, and as to the satisfaction of a certain mortgage for $250,000, were reserved and thus there was to be further judicial action. From the last named judgment Barnes and certain of the other defendants appealed to this court, and Barnes also appealed to this court from the order of the General Term which denied his motion for a new trial. The plaintiffs now move to dismiss the appeal to this court from the interlocutory judgment as not authorized. The contention of the appellants is that it is final and not interlocutory. As we have come to the conclusion that it is interlocutory the appeal therefrom to this court is not authorized by the Code, and it must be dismissed with costs.

"*Second.* At the trial the plaintiffs made a motion to amend their complaint by inserting therein certain additional allegations. The motion was denied and a formal order denying it was entered. From that order the plaintiffs appealed to the General Term, and it reversed the order and allowed the amendment. The amendment did not substantially change the claim of the plaintiffs, and it was therefore within the discretion of the court to grant it under section 723 of the Code. From the order of the General Term certain of defendants appealed to this court. A motion is now made to dismiss the appeal. As the General Term had power in its discretion to grant the amendment, its order is not appealable to this court, and the appeal must be dismissed, with costs.

" *Third.* The judgment of the General Term ordered that certain shares of the capital stock of the New York Transit and Terminal Company, should be delivered by one of the defendants in whose possession it was as a mere depositary to the referee appointed by the judgment to be disposed of by him as directed in the judgment. Upon the appeal of the defendants from the judgment of the General Term to this court they gave the security requisite to perfect the appeal under section 1326 of the Code. They then made a motion

that the depositary or custodian of the stock should in pursuance of the judgment be required to deliver the stock to the referee, and that motion was granted and the stock was so delivered. Certain of the defendants then made a motion that the plaintiffs' proceedings upon the judgment be stayed until the hearing and decision of their appeal to this court, which was granted. From that order the plaintiffs appealed to the General Term and there the order was reversed. From the order of reversal the defendants appealed to this court. They claim that the proceedings were stayed under section 1328 of the Code which provides as follows: ' If the appeal is taken from a judgment or order directing the assignment or delivery of a document, or of personal property, it does not stay the execution of the judgment or order until the thing directed to be assigned or delivered is brought into the court below, or placed in the custody of an officer or receiver designated by that court; or the appellant gives a written undertaking as prescribed in the next section.' It is not needful now for us to determine whether the proceedings are, as claimed by the appellants, stayed under this section; for if they are, the appellants are yet not entitled as matter of right from the court to an order staying the proceedings. Whether the court below would grant such an order rested in its discretion, and that discretion is not reviewable here. If the appellants claim that they have an absolute statutory stay, they may move to set aside or vacate any proceedings taken in violation of the stay or treat such proceedings as void, and thus their right to a stay and the construction and effect of the section quoted can be brought before the courts for construction and determination. The appeal should, therefore, be dismissed with costs."

*Noah Davis* for appellants.

*W. W. MacFarland* for respondents.

Earl, J., reads *mem.* disposing of the matters as follows:
1st. Appeal from General Term order, affirming interlocutory judgment, dismissed.

2d. Appeal from General Term order, reversing order of trial court and allowing amendment of complaint, dismissed.

3d. Appeal from General Term order, denying stay of proceedings, dismissed.

4th. Motion to amend return denied.

5th. Motion to consolidate appeals denied.

6th. Motion to stay proceedings denied

All concur.

Ordered accordingly.