FRANCIS H. TOWNSEND, Appellant, *v.* MARY VAN BUSKIRK
et al., Defendants, Impleaded with JULIA MARY SNELL,
Respondent.

APPEAL — NON-REVIEWABLE ORDER.  An order and judgment of the
Appellate Division reversing an interlocutory judgment and granting a
new trial is not reviewable by the Court of Appeals upon the ground that
it is an appeal from an order granting a new trial upon a motion made
upon exceptions under section 1001 of the Code of Civil Procedure, where
the record fails to disclose that the Appellate Division in any way disposed
of or decided the exceptions.

*Townsend* v. *Van Buskirk*, 22 App. Div. 441, appeal dismissed.

(Argued January 22, 1900; decided March 20, 1900.)

APPEAL from an order and judgment of the Appellate
Division of the Supreme Court in the second judicial depart-
ment, entered December 6, 1897, reversing an interlocutory
judgment in favor of plaintiff and certain of the defendants,

entered upon a decision of the court on trial at Special Term, and granting a new trial.

This action was brought to partition certain real estate of which one Thomas W. Townsend died seized.

The facts, so far as material, are stated in the opinion.

*James C. Foley* for appellant.

*Rudolph Rabe* for respondent.

MARTIN, J.   The appeal to this court is from an order and judgment of the Appellate Division which reversed an inter-locutory judgment awarding partition and granted a new trial.   By the record we also find that the defendants gave notice of motion for a new trial on the exceptions which was served when they appealed from the judgment.   Both may have been heard by the Appellate Division at the same time, but if so the record fails to show that fact.   We find in the order of reversal no reference to the motion for a new trial, nor any indication that any disposition was made of the excep-tions sought to be brought up by the defendants' notice of motion, or that the motion was argued or decided.

While section 190 confers upon this court jurisdiction to review orders granting new trials on exceptions, where the proper stipulation is given, it gives no right of appeal from an interlocutory judgment.   Such a judgment can only be reviewed upon an appeal from a final judgment in the man-ner pointed out by the Code.   ( *Victory* v. *Blood,* 93 N. Y. 650 ; *King* v. *Barnes,* 107 N. Y. 645.)

In *Tilton* v. *Vail* (117 N. Y. 520) this court held that in an action for partition it had no jurisdiction to review an inter-locutory judgment, even under the special provisions of the Code applicable to those actions.   As the record in this case shows that a new trial was granted upon an appeal from an interlocu-tory judgment without reference to the defendants' motion, that judgment or order cannot be reviewed upon this appeal. But it is insisted that inasmuch as a motion was made for a new trial under the provisions of section 1001 the judgment

is appealable to this court.   Under this section a party may, after entry of the interlocutory judgment, move for a new trial on the exceptions, and from an order granting such a motion an appeal may be taken to the Court of Appeals. (*Raynor* v. *Raynor*, 94 N. Y. 248; *Kelsey* v. *Sargent*, 104 N. Y. 663; *Wahl* v. *Barnum*, 116 N. Y. 87.)

The difficulty in this case lies in the fact that the judgment of the Appellate Division fails to disclose that it in any way disposed of or decided the exceptions which were presented upon the defendants' motion.    The order and judgment simply reversed the interlocutory judgment and ordered a new trial.

Moreover, the notice of appeal to this court in no way specified or mentioned any order of the Appellate Division which granted the defendants' motion, but the appeal was only from the order and judgment reversing the interlocutory judgment and granting a new trial.

It is not obvious how it can be said that the Appellate Division granted a new trial upon the defendants' motion under section 1001, and, consequently, that the order is appealable to this court.   The most that can be said is that there was an appeal to the Appellate Division from an interlocutory judgment, also that a notice of motion for a new trial on the exceptions was served, and that after hearing the appeal the interlocutory judgment was reversed and a new trial awarded, without overruling or sustaining, or in any way passing upon the exceptions sought to be presented by the defendants' motion under that section.

The appeal to this court was only from that order and judgment, and it cannot be properly held that there is pending in this court an appeal from an order granting a new trial, under the provisions of section 1001.    The appeal is from an interlocutory judgment which is not reviewable here.

The appeal should be dismissed, with costs.

Parker, Ch. J., Gray, Bartlett, Vann and Werner, JJ., concur; Cullen, J., not sitting.

Appeal dismissed.