LEONORE HELLER, an infant, by Her Guardian ad Litem, CARL HELLER, et al., Plaintiffs, *v.* ARTHUR A. SCHWARZ et al., Defendants.

City Court of New York, New York County, January 7, 1943.

*McAllister R. Mohnkern* and *Reginald V. Spell* for defendants.

*Sidney Koenig* for plaintiffs.

SCHIMMEL, J. This is a motion by defendants, under rule 113 of the Rules of Civil Practice, to dismiss the complaint upon the ground that there has been a prior adjudication of the issues in the action.

The facts are conceded and both sides desire a determination at this time of the question of law presented on this motion. The action is brought to recover for personal injuries allegedly sustained by the infant plaintiff as a result of the alleged negligence of the defendants in the maintenance of certain real property in the city of New York. The property is owned by the defendants as executors of the estate of one Sigmund Kraus, deceased. An action had been instituted by these plaintiffs in the Supreme Court, New York County, against the defendants in their representative capacity, as executors of the estate of

said Sigmund Kraus, deceased, for the same cause now sued upon. Of course, it is well established that the liability of the defendants for any negligence in the maintenance of the property is individual and that they are not liable as executors. (*Kirchner* v. *Muller*, 280 N. Y. 23.) However, the issues in that action were tried before the court and a jury without anyone raising the point that the liability of the defendants was individual. What was tried and presented for determination was whether the infant plaintiff was free of contributory negligence and whether there was negligence in the maintenance of the property. The jury found a verdict for the defendants, thereby resolving these factual issues against the infant plaintiff (and of course also against her father, suing for loss of services and medical expenses); the verdict and the judgment entered thereon were in no way based upon defendants' freedom from liability in their representative capacity, as that point was not brought up at all.

Now that plaintiffs are suing again upon the same state of facts they contend that the prior action does not bar them because the parties are not the same inasmuch as in the first action these defendants, now sued individually, were sued as executors. A motion by the defendants in the prior action, after the verdict in their favor and before the entry of judgment thereon, to amend the title of the action so that the defendants should be named individually, instead of as executors, was denied by Mr. Justice McLAUGHLIN of the Supreme Court, who said, " Undoubtedly, had the defendants raised this objection (that they were improperly sued as executors) upon the trial an amendment could have been had which would have made it possible to dispose of the action on the merits against them in their individual capacity. Having failed to do so, however, and having let the action proceed to a verdict without raising the objection, they cannot at this time have the title amended of an action the issues of which have been completely disposed of." An amendment of the title of the action so as to substitute individuals for defendants sued as executors would clearly not have been proper after the issues had been submitted to the jury though prior thereto such an amendment might have been allowed upon motion of either party to the action. (*Boyd* v. *United States Mortgage & Trust Co.*, 187 N. Y. 262; see, also, *Johnson* v. *Phœnix Bridge Co.*, 197 N. Y. 316, 322.)

However, I do not think that the decision of Mr. Justice McLAUGHLIN denying the application for an amendment of the title of the action as coming too late is determinative of the

question presented here. It was said in the *Boyd* case (*supra*, 270) by WILLARD BARTLETT, J.: " The question which has given rise to such a difference of opinion in the court below is one of considerable practical importance to the legal profession, and I have, therefore, sought light upon it by the examination of a large number of cases, both English and American, to which no reference has been made either in the briefs or arguments of counsel. As a result of this research, and after a careful consideration of the reasoning in support of the contending views, I am satisfied that the amendment allowed in the case at bar does not really bring in a new party in the sense of making one a defendant who was not in any sense a defendant before the process and pleading were amended. It merely changes the capacity in which the same person is sought to be charged. That person having actually been brought into court by the service of the original process there seems to be no reason why he should not be required to contest upon the merits any cause of action growing out of the facts alleged in the complaint which the plaintiff may have against him in one capacity rather than in another provided that he is notified by a timely and proper amendment of the precise capacity in which the plaintiff seeks to hold him liable.''

Thus, in that case, after the Statute of Limitations had run against the original cause of action the court not only allowed an amendment whereby the designation of the defendant was changed from a representative to an individual capacity, but held that such defendant, in his individual capacity, could not successfully assert a defense predicated upon the Statute of Limitations. In a case involving a different state of facts an analogous result was reached. (*Johnson* v. *Phœnix Bridge Co.*, *supra*.) So here, the defendants sued individually are not persons who were " not in any sense " defendants in the earlier action.

In any event it seems more practical and realistic to hold that, by choice of the plaintiffs, the issues of their freedom from contributory negligence and defendants' negligence were litigated in the first action; having been so litigated and determined adversely to plaintiffs they should not be relitigated in a new action irrespective of the fact that the defendants are now sued in a different capacity. It may be conceded that a judgment in the prior action against these defendants as executors would not conclude them in their individual capacities, would not operate as an estoppel against them if they were again sued, but

individually. (Cf. *First National Bank* v. *Shuler*, 153 N. Y. 163; *Collins* v. *Hydorn*, 135 N. Y. 320; *Landon* v. *Townshend*, 112 N. Y. 93; *Rathbone* v. *Hooney*, 58 N. Y. 463; and see *Boyd* v. *United States Mortgage & Trust Co., supra,* 272.) But to the rule that the estoppel of a judgment must be mutual in order to be applicable against either party there are exceptions based upon " reason and practical necessity." (*Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14, 18.) That case, though not in point, is illustrative of situations in which exceptions may be made to that rule. I think that in the case in hand an exception to the rule should be made and that defendants, sued individually, should be allowed to assert the prior judgment defensively, as in the *Good Health* case (though such judgment could not have been made the basis of affirmative recovery by defendants — see *Elder* v. *New York & Penn. Motor Express, Inc.,* 284 N. Y. 350). Plaintiffs had full opportunity to litigate in the prior action the issue of the responsibility of the defendants, they did actually litigate it without regard to the fact that the defendants were sued in a wrong capacity. If they had done so seasonably plaintiffs could successfully have moved for an amendment of the title of that action so as to name the defendants individually (*Boyd* v. *United States Mortgage & Trust Co.. supra*); notwithstanding their failure to amend, the central issues of the case in relation to negligence were, by election of the plaintiffs, submitted to the jury, which found against them. That verdict and the judgment entered thereon should be made to operate as an estoppel against plaintiffs in this action and they should not be allowed a second chance to try the selfsame issues; they have in fact had their day in court.

The defendants' motion for summary judgment is granted and the complaint is dismissed.