In the Matter of the Estate of HUGO ZIETZ, SR., Deceased.
In the Matter of the Estate of HEDWIG ZIETZ, Deceased.
In the Matter of the Estate of HUGO ZIETZ, JR., Deceased.

Surrogate's Court, New York County, November 12, 1954.

*Otto C. Sommerich* and *Benjamin Busch* for Willy Zietz, petitioner.

*Paul Simon, Milton W. Levy* and *Jacob Oliner* for Madeleine Zietz-Halmos, respondent.

FRANKENTHALER, S. Hugo Zietz, Sr. died in 1927, a resident of Germany. He was survived by his wife Hedwig and two sons, Willy and Hugo, Jr. The latter son died without issue in 1934 and Mrs. Zietz died in 1945. This court has appointed Willy Zietz, the surviving member of this family, administrator *c.t.a.* of his father's estate, administrator of his mother's estate and administrator of his brother's estate. He petitions in this proceeding for authorization to deliver the assets in this jurisdiction of the three estates to himself as sole owner. He alleges that all such assets derived from the estate of Hugo Zietz, Sr., whose will granted his widow a life tenancy with remainder to his sons and that petitioner, as the sole surviving son, is entitled to the full remainder. Petitioner alleges further, in support of his assertion of sole ownership of the family assets, that Madeleine Zietz-Halmos, the wife of Hugo Zietz, Jr., divorced him in Germany in 1927, that some years after his death she instituted proceedings in Switzerland in which she asserted an interest in the estate of Hugo Zietz, Jr., as his widow and heir and that judgments were rendered determining that she was not the widow of Hugo Zietz, Jr., and that she had no claim against his estate or the estate of his father.

Mrs. Zietz-Halmos has moved in these proceedings for leave to intervene and to answer the petitions. Her proposed answers allege that she is the widow of Hugo Zietz, Jr., that the German divorce decree was invalid and that the proceedings in Switzerland were not *res judicata* upon the issues before this court. This court ruled that proof would be taken upon the issue of *res judicata* and the issue as to the validity of the divorce decree (*Matter of Zietz*, 121 N. Y. S. 2d 866). Later the court granted petitioner's motion for a preliminary trial of the separate issue of *res judicata*. Proof upon that single issue has been received and the same proof constitutes the record in each of the three proceedings. The question before the court at this point in the proceedings is whether judgments of Swiss courts bar the movant from asserting the contentions pleaded in her proposed answers.

The litigation in Switzerland began with the institution of an action by Madeleine Zietz-Halmos against Hedwig Zietz in the Municipal Court, Meilen. A judgment was rendered in that

action on February 15, 1940, which recites that plaintiff sought (1) the ascertainment of her inheritance claim in the estate of Hugo Zietz, Jr., (2) surrender by defendant of plaintiff's inheritance share with interest, (3) payment by defendant of support due plaintiff from her husband up to his death, (4) payment of damages by defendant for impairment of plaintiff's health by the conduct of defendant's son and (5) payment by defendant of damages suffered by plaintiff by reason of the dissolution of her marriage through an invalid divorce. The judgment states plaintiff's allegations to have been that the German divorce procured by her from her husband was not entitled to recognition in Switzerland because it was not rendered in conformity with the law of Argentina, the country of the nationality of the parties to the marriage, and because such country would not recognize the divorce under its law. The judgment found that plaintiff had not proved that the divorce decree would not be recognized in Argentina, found that the decree was entitled to recognition in Switzerland and, for these reasons, found that plaintiff was not the heir of her former husband and was not entitled to sue for the inheritance. The court also found that defendant could not be sued for support which not even the former husband owed plaintiff under the terms of the divorce decree and the court dismissed plaintiff's prayer for that relief. The court further found that plaintiff's claim for damages for impairment of her health was outlawed and the claim for damages for dissolution of the marriage not only lacked a basis but failed in view of the validity of the divorce. The ultimate disposition was the dismissal of the complaint in its entirety, with costs. An appeal was taken to the Superior Court of the Federal Canton of Zurich which held the appeal to be without merit and assessed costs against the appellant. The judgment on that appeal shows the issues to have been the jurisdiction of the divorce court, the inheritance rights of the appellant, the liability of Mrs. Hedwig Zietz for alimony and damages and the charges of fraud and duress against her. An appeal then was taken to the Supreme Court of Appeal of the Canton of Zurich which dismissed the application to annul the judgment of the lower appellate court. An appeal to the Bundesgericht, Division for Constitutional Matters, was dismissed. A further appeal to the Swiss Federal Court was dismissed and the judgment of the Superior Court was confirmed. An application for review of this determination was denied by the Federal Supreme Court of Switzerland. Subsequent to the death of Mrs. Hedwig Zietz the plaintiff petitioned the

Swiss Federal Court for a reopening of the proceedings. Her petition stated that Mrs. Zietz had died in 1945, and her son Willy Zietz had accepted the inheritance and had appeared in the reconsideration proceeding. The application to reopen was denied. In May, 1954, the Superior Court of the Canton of Zurich denied an application for revision of its judgment. Such denial was on the ground that the appellant had not paid " the security for the proceedings ". In the application for revision Madeleine Zietz-Halmos was the appellant and Willy Zietz " as inheritor of Mrs. Hedwig Zietz " was the respondent.

It is the contention of petitioner Willy Zietz that these judgments of the Swiss courts determined the identical issues that Mrs. Zietz-Halmos seeks to litigate in these proceedings, that privity exists between the litigants in the Swiss courts and the parties herein and, consequently, the rule of *res judicata* bars the movant from relitigating the issues in the present proceedings. While the movant attacks her divorce upon the same grounds that she pleaded in Switzerland, she contends that the issues in the Swiss courts were not the issues that she seeks opportunity to plead here. She argues that in the Swiss courts her claim was asserted as the heir of Hugo Zietz, Jr. and necessarily any adjudication by those courts was limited to her status as heir of her husband and did not concern the estate of his father, while in the instant proceedings her claim is against the estate of the father. However, the allegations of her proposed answer are that as widow of Hugo Zietz, Jr., she has a substantial interest in the assets of his estate which in turn has a substantial interest in the assets of the estate of Hugo Zietz, Sr., and that she, as widow of Hugo Zietz, Jr., has a substantial interest in the estate of Zietz, Sr. Inasmuch as the claim of the movant to an interest in both of these estates is based entirely on her status as the widow of Hugo Zietz, Jr., the primary issue in these proceedings must be whether or not she is the widow. That issue was litigated in Switzerland.

The movant also argues that the Swiss judgments are most restricted in effect and she suggests that this court's consideration of the judgments must be limited to the ultimate dispositive provision, that is, the dismissal of the complaint. She urges that this court regard the dismissal of the complaint as an unexplainable fact. The authorities are wholly to the contrary. The effect of a judgment, as an adjudication conclusive upon the parties, is to be determined " upon an examination of the issues made and intended to be submitted, and which it was intended to decide. *Vicksburg* v. *Henson,* 231 U. S. 259, 272,

273; *United Shoe Mach. Corp.* v. *United States,* 258 U. S. 451, 460.'' (*Oklahoma* v. *Texas,* 272 U. S. 21, 42–43.) In *Reich* v. *Cochran* (151 N. Y. 122, 127–128), the court accepted the general rule to be that stated in *Pray* v. *Hegeman* (98 N. Y. 351) in the following language: '' ' The general rule is well settled that the estoppel of a former judgment extends to every material matter within the issues which was expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action. Whatever is necessarily implied in the former decision is, for the purpose of the estoppel, deemed to have been actually decided.' '' The rule appears to be no different in Switzerland. Section 104 of the Zurich Code of Civil Procedure provides: '' The judge shall be bound by the findings of a judgment in a later litigation between the same parties or their legal successors insofar as these findings are contained in the disposition of the court.'' Ruling upon a plea of *res judicata* in a case where the particular question was whether or not the subject matter of prior litigation was identical with that presented in the case then at bar, the Swiss Federal Court said: '' Now, it is, however, true that the contents of the reasonings of the judgment do not participate in the final force; that means that the final force does not extend to the findings of fact and conclusions of law which the court used to justify the judgment. On the other hand, the final force of the judgment cannot be gathered only from the formula of the decision. Rather, one must gather from the entirety of the judgment what the court wanted to decide and what it had to decide on the basis of the claims made. Therefore, if the question of identity is examined, one must not alone base said examination upon the wording of the dispositive, but also the reasonings of the judgment must be used for the ascertainment of its effect.'' (*Marki* v. *Nuscheler,* 1945 decisions of Swiss Fed. Court, vol. 71, p. 282.) The Swiss statutory rule also has been construed as follows: '' Final legal force is attributed only to the disposition of the judgment, which decides on the complaint or on the counter claim (Law of Court Organization, 172, No. 5) and not as in former law, to the so-called ' Necessary Reasons ' (Law on Organization of Zurich Courts, 342, note 4; Journal of Decisions of Commercial Court 9, p. 180; 14 p. 69; ZR. 7 No. 15; 14 No. 40; 15 No. 76;

18 No. 135); still these reasons are important for the contents of the disposition and its construction, especially if the disposition reads simply ' the complaint is dismissed ' " (Civ. Pro. of Zurich, Strauli & Hauser [1939] p. 195 note 5).

It is held that the issue of the validity of the German divorce, and the consequent status of movant as heir of Hugo Zietz, Jr., was litigated in the Swiss action against Mrs. Hedwig Zietz.

The movant further contends that, if the issue in the Swiss litigation was the same issue here presented, nevertheless the Swiss judgments cannot be *res judicata* because the parties herein were not the parties to the Swiss litigation and no privity exists between petitioner herein and his mother who was the defendant in Switzerland. The fact was that in the final stage of the Swiss litigation, petitioner herein was the substituted defendant as the heir of his mother. The complaint in the action in the Mielen court pleaded plaintiff's version of the applicable law of descent and alleged: " Consequently the surviving spouse is entitled simultaneously with the testator's parents (and their descendants) to one-half of the estate as intestate share. Defendant has, however, taken to herself the inheritance." The plaintiff claiming a share of her former husband's estate sued his mother as the person who had taken possession of that estate. If the divorce was valid, Mrs. Hedwig Zietz as the heir of her son was the person entitled to possession of his property on his death and, there being no formal appointment of an estate representative under German law (1 Manual of German Law, E. J. Cohn, Law of Succession, p. 133) her position was comparable to that of an estate representative as known in our law. Upon the death of Mrs. Zietz, her son Willy acquired her estate and stepped into the litigation to defend against the claim of inheritance. The movant's claim having been asserted unsuccessfully against the person entitled to possession of the decedent's property in his domicile, the claim may not be relitigated against the administrator appointed in this ancillary jurisdiction (*Suarez* v. *Mayor,* 2 Sandf. Ch. 173). The Swiss judgments are adjudications that the movant, as alleged widow of Hugo Zietz, Jr., has no claim against his estate. Such judgments estop the movant from asserting a claim against the estate of Hugo Zietz, Jr., in these proceedings.

Petitioner asserts that the Swiss judgments also estop the movant from asserting a claim against the estate of Hugo Zietz, Sr., because section 326 of the German Civil Code provides: " If a judgment is rendered between a first heir and a third person concerning a claim asserted against the first heir

in his position as heir or concerning a subject matter belonging to the reversionary heirship, such judgment is binding upon the reversionary heir, provided that it becomes of final force before the devolution of the reversionary inheritance.'' Application of that principle would require a finding that the Swiss action had been brought against Mrs. Hedwig Zietz as life tenant under her husband's will because only under such circumstance would it be at all possible to say that she, in defending the suit, represented remainder interests under her husband's will. However, there is no basis to regard the Swiss suit as one brought against Mrs. Zietz either as life tenant under her husband's will or as representative of his estate. Mrs. Zietz was sued as the representative of her son's estate and it was only a coincidental fact that she had an interest under her husband's will. It cannot be said that petitioner, in his capacity as representative of the estate of Zietz, Sr., is the legal successor to the defendant in the Swiss action and, because of this identity of parties, the rule of *res judicata* controls.

Any status that the movant has in these proceedings must be premised upon an interest in the estate of Zietz, Sr. If she can claim only the indirect interest that she would derive through her husband's estate then, of course, she has no interest in the estate of Zietz, Sr. In the first place the claimant to such an interest would be the representative of the son's estate and not his widow. In the second place the adjudication that she lacks an interest in her former husband's estate would bar her. Her proposed answer is susceptible of the construction that she claims a direct interest in the estate of Zietz, Sr., but concededly the sole basis for such interest is her alleged status as widow of Hugo Zietz, Jr. The question thus presented is whether the Swiss adjudication that bars the movant from asserting a claim as heir of her husband operates to bar her claim to an interest in the estate of his father. In other words, may a person who has litigated her status as widow of a decedent in a proceeding in the estate of that decedent relitigate the identical issue in the estate of decedent's father — and perhaps in the estates of the decedent's other relatives? The movant asserts that she is free to do this because privity is lacking between the representatives of the separate estates.

The rule applicable to proceedings in rem affecting a marital status has been formulated in section 74 of the Restatement of the Law of Judgments, and has been accepted in the State (*Matter of Holmes,* 291 N. Y. 261). The rule is '' (1) In a proceeding in rem with respect to a status the judgment is con-

clusive upon all persons as to the existence of the status. (2) A judgment in such a proceeding will not bind anyone personally unless the court has jurisdiction over him, and it is not conclusive as to a fact upon which the judgment is based except between persons who have actually litigated the question of the existence of the fact.''

The movant has recognized that her decree of divorce must be given full force and effect as a judgment in rem dissolving her marriage until impeached by evidence that the court granting the divorce lacked jurisdiction of the *res*. It was to overcome the effect of the divorce decree that the movant instituted her action in Switzerland where a determination was made that the divorce was valid and that the movant was not the wife and heir of her former husband. She here seeks to attack the divorce decree a second time upon the identical grounds asserted in Switzerland. She does not attack the Swiss judgments in her proposed answer and she is not in a position to do so having invoked the jurisdiction of the Swiss courts (*Starbuck* v. *Starbuck*, 173 N. Y. 503; *Stevens* v. *Stevens*, 273 N. Y. 157; *Querze* v. *Querze*, 290 N. Y. 13; *Hynes* v. *Title Guar. & Trust Co.*, 273 N. Y. 612; *Dorn* v. *Dorn*, 202 Misc. 1057). The Swiss action insofar as it involved the status of the plaintiff was a proceeding in rem and the Swiss determination, although not inclusive as to every essential fact upon which the judgment was based, was conclusive against all the world as to the status of the movant (*Matter of Holmes, supra,* p. 270; *Post* v. *Post,* 71 Misc. 44, affd. 149 App. Div. 452, affd. 210 N. Y. 607; *Townsend* v. *Van Buskirk,* 22 App. Div. 441, appeal dismissed 162 N. Y. 265).

The rule of *res judicata* has been stated to be expressive of a public policy '' that requires a limit to litigation '' and '' a curb to the litigiousness of the obstinate litigant.'' (*Sargent & Co., v. New Haven Steamboat Co.,* 65 Conn. 116, 126, cited with approval in *Eissing Chem. Co.* v. *People's Nat. Bank of Brooklyn,* 205 App. Div. 89, 91, affd. 237 N. Y. 532.) The movant herein litigated her status as alleged widow and failed to establish her right to share in her former husband's estate. Despite such failure she reasserts the identical claim of status in order to recover property which also may be claimed by the estate of her former husband and the latter's brother. In the *Eissing* case (*supra*) the Appellate Division said (p. 91): '' if these facts have been litigated in such a manner that it may be said as to them that the plaintiff has had its day in court and has failed to establish them, then litigation should end as to parties whose liability depends upon those facts, and plaintiff should not have

another opportunity of establishing them; or in other words, to have another day in court in the same litigation." The same court also said (p. 93) : " The plaintiff, therefore, having had its day in court and having failed upon that issue against a party who was a necessary link in its claim against the defendant, the judgment in that action should be conclusive upon that issue." (See, also, *Silberfeld* v. *Swiss Bank Corp.*, 277 App. Div. 876; *Hochster* v. *City Bank Farmers Trust Co.*, 260 App. Div. 712, affd. 288 N. Y. 588; *Matter of Baker*, 189 Misc. 159; *Matter of Welch*, 61 Misc. 5, and *Heller* v. *Schwarz*, 179 Misc. 911.)

The movant has had her day in court. She obtained a divorce and thereafter, in a court of her choice, litigated the validity of that divorce and her right to inherit from her husband. She has sought, unsuccessfully, a revision of every decision adverse to her. The suggestion in her brief that she has not exhausted her rights in Switzerland and that she is privileged to start a new suit there upon new facts does not affect her position in these proceedings where it is apparent that the issue fully litigated in Switzerland is the same issue that the movant seeks to litigate herein. It is held that the Swiss judgments estop the movant from litigating the matters alleged in her proposed answers in the estates of Hugo Zietz, Sr., and Hugo Zietz, Jr. The movant conceded at the hearing that she asserts no claim against the estate of Hedwig Zietz. The motions for leave to intervene are denied.

Submit orders on notice.