■ SEWELL S. WATTS, JR., et al., as Executors of ROBERTA M. LANARI, Deceased, Respondents, v. SWISS BANK CORPORATION, Defendant and Interpleading Plaintiff. MARIA E. MEYER-LANARI et al., Interpleaded Defendants-Appellants.— Order, entered on October 26, 1964, unanimously modified, on the law, to delete the provisions dismissing the Fourth and Fifth affirmative defenses and counterclaims set forth in the answers of the interpleaded defend-

ants, and to deny the motions insofar as they seek dismissal of said defenses; and order otherwise affirmed, without costs or disbursements to any party. Special Term properly struck and dismissed the defenses alleging the applicability of the French and Italian law to the joint-tenancy account established here by the foreign domiciliaries with the Swiss Bank Corporation. (See *Wyatt* v. *Fulrath*, 16 N Y 2d 169.) It was, however, improper to strike and dismiss the defenses alleging that the decree of the Court of Extended Jurisdiction of Nice is *res judicata* of issues involved in this action. Under principles of comity, our courts should give full effect to a judgment rendered by a French court of competent jurisdiction. (See *International Firearms Co.* v. *Kingston Trust Co.*, 6 N Y 2d 406; *Johnston* v. *Compagnie Generale Transatlantique*, 242 N. Y. 381, 387; *Gould* v. *Gould*, 235 N. Y. 14.) The questions raised with respect to the ultimate effect of such judgment to resolve issues involved in the present action, depending, *inter alia*, upon jurisdiction of the foreign court, identity of parties, identity of issues, and finality of the determination, may not be resolved at the pleading stage on the present record. Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.