SEWELL S. WATTS, JR. et al., as Executors of ROBERTA M. LANARI, Deceased, Respondents, v. SWISS BANK CORPORATION, Defendant and Interpleading Plaintiff. MARIA E. MEYER-LANARI et al.. Interpleaded Defendants-Appellants.

First Department, November 25, 1969.

*Bernard J. Reverdin* of counsel (*Lovejoy, Wasson, Lundgren & Ashton,* attorneys), for appellants.

*Gerald J. Dunworth* of counsel (*Mark D. Lebow* with him on the brief; *Coudert Brothers,* attorneys), for respondents.

McNALLY, J. This appeal involves a dispute over the ownership of assets in an account held at the New York office of defendant and interpleading plaintiff, Swiss Bank Corporation. Plaintiffs-respondents claim 'title through the deceased second wife of decedent, Aristide Lanari. Interpleaded defendants-appellants claim title since one of them is the daughter of the decedent. This is an appeal from a judgment rendered after trial to the court, entered June 27, 1969, in which the court refused to grant comity to a French judgment and held that the account was a survivorship account. Some aspects of this case have been here previously (24 A D 2d 849, 30 A D 2d 791).

The record discloses the following facts:

The account was opened by Aristide Lanari and his wife Roberta on November 18, 1960. Aristide died on September 8, 1961 domiciled in La Turbie, France, leaving a will dated January 22, 1959, executed in Monte Carlo. He was survived by his second wife, Roberta, and a daughter of his first marriage, the interpleaded defendant Maria Elena Meyer-Lanari.

Aristide Lanari and his second wife, Roberta, maintained a joint survivorship account with Swiss Bank Corporation in New York City. In March, 1962, after the death of Aristide, his only child Maria, who was his daughter by his first wife, brought suit against Roberta in France. The purpose of the suit was to enforce in Maria's favor the so-called Forced Heirship Laws of France which at the time entitled her to three fourths of her father's estate. Roberta appeared in the suit on June 7, 1962. Two days later she died, leaving as heirs three sisters to whom she bequeathed her entire estate except for legacies of insufficient significance. The sisters were substituted for Roberta in the French action. They defended it and it proceeded to a decision in favor of Maria, which on appeal to the Court of Appeals of Aix-en-Provence by the sisters was sustained. The French courts determined that Lanari was domiciled in France, that the law of France was applicable with respect to his personal property wherever located, that the assets in the joint account were constituted from his personal assets, that the creation of the account was void with respect to Maria.

After the commencement of the French litigation Roberta brought, and after her death respondents as executors of her estate continued, the instant action against Swiss Bank Corporation to recover the property in the joint account. Appellants Maria and the ancillary administrator c. t. a. of Lanari's estate were interpleaded.

Under French law it was not possible for Aristide to donate to his wife Roberta more than one fourth of his assets.

The French judgment was affirmed by the Court of Appeals of Aix-en-Provence on October 22, 1964. It expressly affirmed that French law governed the succession of all the personal property of Aristide, a domiciliary of France, and overruled the contention of the appellants there to the effect that the law of New York governed the validity of the joint account.

It is conceded that the judgment of the French appellate court is final and conclusive.

We have held in this case that "under principles of comity, our courts should give full effect to a judgment rendered by a French court of competent jurisdiction." (24 A D 2d 849, 850.)

The record establishes jurisdiction of the French court, identity of parties, identity of issues and finality of determination.

Plaintiffs, executors of the estate of Roberta, are bound by the determination in the action instituted in France and continued against the successors in interest and residuary legatees of their testatrix. (*Matter of Zietz*, 207 Misc. 22, affd. 285 App. Div. 1147.) Moreover, plaintiffs, husbands of two of the said residuary legatees, and the three residuary legatees, authorized the attorneys who had represented Roberta in France to retain counsel to appear in the French action for the residuary legatees on the trial and on the appeal. (See *B. R. DeWitt, Inc.* v. *Hall*, 19 N Y 2d 141.) Defendant Swiss Bank was not a necessary party in the French action. (See *International Firearms Co.* v. *Kingston Trust Co.*, 6 N Y 2d 406.)

*Riley* v. *New York Trust Co.* (315 U. S. 343) relied on by respondents, is inapplicable. Plaintiffs have no better title than their testatrix to the account here involved. Their testatrix appeared and upon her death her successors in interest litigated in France the question of title, which was finally adjudicated adversely to plaintiffs' testatrix. The tax interest of New York in the estate of Roberta is too remote and does not suffice to invest the executors of her estate with an interest sufficient to preclude the effect of the French judgment simply because they were not nominal parties. In *Riley* the State of New York did not claim through the beneficiaries; the New York administrator was appointed at the suggestion of the New York Tax Commission which asserted an interest in succession taxes deriving from the death of an alleged New York resident (pp. 354–355). The adjudication of decedent's residence in the Georgia probate proceeding there relied on was made after decedent's death and without notice to the New York administrator. Here, plaintiffs' title is based on the right of their testatrix, which derives solely from her deceased husband, Aristide, a domiciliary of France. The tax interest of New York represented by plaintiffs executors of Roberta's estate failed to materialize because the French judgment adjudicated the title to the deposit here involved was not in Roberta and was in Aristide and the securities and moneys therein subject to the inheritance law of France.

All findings of fact and conclusions of law inconsistent herewith are reversed. Findings of Fact Nos. 13, 15, 16, 20 and 22 are stricken. Proposed Findings of Fact of interpleaded defendants-appellants Nos. A5, A8, A9, A10, A11, A12, A13 and C1, C2, C3, C4, C5, C6, C7, C8, C9 and C10 are adopted, as well as proposed Conclusions of Law Nos. 1, 2, 3, 4 and 5.

The judgment dated June 20, 1969, should be modified on the law and the facts to the extent of deleting the first, second, fourth, fifth and sixth decretal paragraphs, and to provide for delivery and payment of the securities and moneys of the joint custodian account to the ancillary administrator with the will annexed of the estate of Aristide Lanari, deceased, and as so modified affirmed, with costs to appellants. The appeal from the decision of June 3, 1969, should be dismissed, without costs. The decision is not appealable.

CAPOZZOLI, J. P. (concurring). I concur on constraint of *Watts* v. *Swiss Bank Corp.* (24 A D 2d 849) which settled the law of this case.

TILZER, MARKEWICH and NUNEZ, JJ., concur with MCNALLY, J.; CAPOZZOLI, J. P., concurs in memorandum.

The judgment dated June 20, 1969, is modified on the law and the facts to the extent of deleting the first, second, fourth, fifth and sixth decretal paragraphs, and to provide for delivery and payment of the securities and moneys of the joint custodian account to the ancillary administrator with the will annexed of the estate of Aristide Lanari, deceased, and all findings of fact and conclusions of law inconsistent with the opinion of this court filed herein are reversed, and as so modified affirmed, with $50 costs and disbursements to appellants. The appeal from the decision of June 3, 1969, is dismissed, without costs and without disbursements. The decision is not appealable.

Settle order accordingly.