EMMA BRADLEY, plaintiff in error, *vs.* JOHN JOHNSON, administrator, defendant in error.

1. The judgment of a Court of concurrent jurisdiction, *directly upon the point*, is, as a plea, a bar, or as evidence, conclusive between the same parties, upon the same matter, directly in question in another Court. The judgment of a Court of exclusive jurisdiction, directly upon the point, is in like manner conclusive upon the same matter, between the same parties, coming incidentally in question in another Court for a different purpose.

2. The complainant having *caveated* the application of the defendant for administration upon the estate of his intestate upon the ground that she was entitled to such administration, as his widow, and the jury in the Superior Court having, on appeal, found a verdict on this issue in favor of the defendant, and a judgment having been rendered accordingly, such judgment is not a bar to a bill filed by the complainant as the widow and heir-at-law of said intestate, against the defendant for an account and distribution of the estate.

3. Estoppels must be mutual.

Judgments. Estoppel. Before Judge JOHNSON. Muscogee Superior Court. October Term, 1872.

For the facts of this case, see the decision.

HENRY L. BENNING ; G. E. THOMAS, for plaintiff in error.

PEABODY & BRANNON, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant as the widow and heir-at-law of Bradley against the defendant, as the administrator of Bradley, for an account and distribution of Bradley's estate, with a prayer for an injunction. The defendant denies that the complainant is the widow and heir-at-law of Bradley. On the trial of the case the defendant offered and read in evidence an exemplification of the record from the Court of Ordinary of Muscogee county, in which it appears that Johnson made application to that Court for letters of administration on Bradley's estate, to which the complainant

Bradley *vs.* Johnson.

entered a *caveat*, claiming that she was entitled to the administration as the widow of Bradley. The Ordinary granted the administration to her. Johnson entered an appeal to the Superior Court from the decision of the Ordinary, and on the trial of the appeal the jury found the following verdict: " We, the jury, find that John Johnson, applicant, is entitled to administration on the estate of Thaddeus W. Bradley, deceased." Judgment was entered on this verdict, in exact accordance with the terms thereof, and certified to the Ordinary, and made the judgment of that Court, and Johnson was appointed by the Ordinary administrator on Bradley's estate. The Court charged the jury, " that if the question whether the plaintiff was the widow of deceased was made and adjudicated between the parties to this cause in the proceedings had before the Ordinary and on appeal, and it was therein and thereby adjudged that the plaintiff was not the widow of deceased, such adjudication was conclusive of the fact in this case, and she would be thereby barred of her right to maintain her present suit." To which charge of the Court the complainant excepted, and the question is, whether the judgment of the Court of Ordinary granting the letters of administration on the estate of Bradley to Johnson, as the same appears in the record, was conclusive evidence that the complainant was not the widow of Bradley, so as to conclude her from showing that she was his widow on the trial of the equity cause, and was a bar of her right to maintain that suit.

1. The rule as to the conclusiveness of judgments, as stated by Lord Chief Justice DeGrey, in the Duchess of Kingstone's case (20 Howell's State trials, cited by Professor Greenleaf, volume 1, section 528) is, that the judgment of a Court of concurrent jurisdiction, *directly upon the point*, is, as a plea, a bar, or as evidence, conclusive between the same parties, upon the same matter, directly in question in another Court; that the judgment of a Court of exclusive jurisdiction, *directly upon the point*, is in like manner conclusive upon the same matter, between the same parties, coming incidentally in question in another Court, for a different purpose.

2. The judgment of the Court of Ordinary offered in evidence in this case, is the judgment of a Court of exclusive jurisdiction as to the granting letters of administration on intestate's estates; that judgment was conclusive as to the fact that letters of administration had been granted to Johnson on Bradley's estate when offered in evidence on the trial of the equity cause, but it was not conclusive on that trial upon the point as to whether the complainant was the widow of Bradley; the judgment does not decide anything more, and does not purport to decide anything more than the fact that Johnson was entitled to the administration on Bradley's estate. That judgment is not an adjudication directly upon the point that the complainant is not the widow of Bradley, and does not purport to decide that question. Moreover, it does not affirmatively appear from the verdict and judgment thereon that the fact of her being the widow of Bradley was the only question made and decided by the judgment of the Court of Ordinary; that it was one of the questions decided, is inferred by argument from the judgment and proceedings in the Court of Ordinary; the judgment itself is not directly upon that point, and unless the judgment of the Court of Ordinary was rendered directly upon that point as shown by the record, the complainant was not estopped by that judgment from proving that she was the widow of Bradley on the trial of the equity cause.

3. Besides, estoppels should be mutual. If administration had been granted on Bradley's estate to the complainant instead of Johnson, would the judgment of the Court of Ordinary, granting administration to her, have estopped the heirs of Bradley on a bill filed by them against her for distribution, from showing that she was not his widow? We think not. In our judgment the charge of the Court was error, because it did not appear from the judgment rendered by the Court of Ordinary that the question whether the complainant was the widow of Bradley was necessarily decided by that Court, inasmuch as that judgment does not appear to have been rendered *directly upon that point*, and it was error to

assume that it was so rendered: *Hunter vs. Davis,* 19 *Georgia Reports,* 413.

Let the judgment of the Court below be reversed.