## Henderson *vs.* Fox.

1. That a judgment in a former case between the same parties shall be conclusive in another and later case, it is necessary not only that the parties, but the point in issue should be the same. If the judgment in the former case could have been reached without the point in issue in the latter being directly and necessarily passed on, the judgment is not conclusive as to that point.

(a) Hence, where Fox sued Henderson for slander because Henderson had said Fox was a thief and ought to be in the penitentiary, and Henderson pleaded justification, and introduced testimony to show that Fox, who was the bookkeeper of the partnership between them, had collected divers amounts, and had failed to pay them over or enter them upon the books of the firm, it was error

to hold that a judgment in a former suit by Fox *vs.* Henderson, for indebtedness growing out of their corporation business, which had been dissolved, to which Henderson pleaded that Fox was indebted to him for amounts collected by Fox and paid over or accounted for, and in which cause the jury found in favor of Fox, was conclusive against Henderson in the slander suit. There was no adjudication in such former suit as to Fox having collected the money and appropriated it *animo furandi*, that question not being involved and not being material.

2. While the plea of justification is, to some extent, an aggravation of the tort, yet when the defendant introduces testimony tending to sustain that plea, though it fails to make it out, the jury may take such testimony into consideration in mitigation of damages.

BLECKLEY, C. J., concurring.

April 9, 1888.

*Res adjudicata.* Evidence. Justification. Mitigation. Before Judge HARDEN. City court of Savannah. July term, 1887.

Reported in the decision.

GARRARD & MELDRIM and R. R. RICHARDS, for plaintiff in error.

DENMARK & ADAMS, *contra.*

BLANDFORD, Justice.

This was an action of slander, brought by Fox against Henderson. Upon the trial in the court below, a record of another suit between the same parties was introduced in evidence by the plaintiff. The record of that suit showed that Fox sought to recover an amount which he alleged Henderson was indebted to him, growing out of their copartnership business, which had been dissolved; to which Henderson pleaded that Fox was indebted to him on account of certain amounts which Fox had collected from divers persons on behalf of the partnership, and had failed to pay over or account for; and the jury in that case found in favor of Fox, the plaintiff. The slan-

der in this case was, that Henderson had said that Fox was a thief and ought to be in the penitentiary. Henderson pleaded justification, and he introduced testimony to show that Fox, who was the bookkeeper of the partnership, had collected divers amounts, and had retained them, and failed to pay them over or enter them upon the books of the firm. The court below ruled that the judgment in the former case was conclusive against Henderson upon his plea of justification; that it was *res adjudicata.*

1. We think the court misapplied a correct principle. There was no adjudication in the former case that Fox had collected the money as charged, and appropriated it *animo furandi;* that question was not involved in that case, and was not a material question in the case. The issue in that case was, how much Fox was indebted to Henderson; and it did not make any difference whether Fox had stolen the money or not, he was clearly indebted to the firm if he had gotten the money in any way whatever, whether honestly or fraudulently; and the finding of the jury was simply that the defendant was indebted to the plaintiff.

We think the case of *Bradley vs. Johnson,* 49 *Ga.* 412, is in effect an adjudication of this case. Judge WARNER, in his opion in that case, cites the decision of Lord Chief Justice DeGrey in the case of the Duchess of Kingston, in which the rule that governs this case is laid down. In this case, the judgment in the former case between these parties, to be conclusive, must have passed, necessarily, upon the same point in issue here. For if the judgment in that case could have been reached without the point being directly and necessarily passed upon, the judgment is not conclusive as to that point. If the judgment introduced by the defendant in this case could have been reached without necessarily passing upon the question of whether this man's conduct was dishonest or not, it was not an adjudication as to that. The ruling of the court below on this point was therefore erroneous.

2. While we think the plea of justification is to some

v 80-31

-extent an aggravation of the tort, yet where the defendant introduces proof which tends to sustain that plea, although the proof fails to make it out, the jury may take such testimony into consideration in mitigation of damages; and such was the ruling of this court in *Ransone vs. Christian*, 49 *Ga.* 491.

Judgment reversed.

BLECKLEY, Chief Justice, concurring.

What is now ruled in this case does not involve the position that a partner may steal from the partnership. That question is not involved, we think; because whether this be a plea of justification, strictly, or whether it be literally supported or not, the fact, if true, that Fox fraudulently misappropriated the partnership assets would go to illustrate what Henderson meant when he said he was a thief, and if it would not justify, it might at least palliate. To take partnership effects with a corrupt intent, although it may not be larceny, is to act as a thief. If a thief is one who has committed a larceny, and no other, proving this matter would not support the plea fully; but it is relevant testimony in the case; and the judge's error in excluding it on the theory of estoppel is what we reverse, —excluding it in effect; for while he admitted the evidence, he charged that the former adjudication might deprive the party of its benefit.