## Nesbit *et al. v.* Donald.

1. On a petition for an injunction and receiver, on the ground that the defendant, by fraud and undue influence, procured a deed to be made without consideration, and contrary to the intention and desire of the maker as to the disposition of her property, the evidence being conflicting, the discretion of the judge in denying the injunction and receiver will not be interfered with.

2. The petition alleging that the instrument in question is a deed but is void because procured by fraud and undue influence, and this being the only point made by the pleadings and the evidence, the question whether the instrument is a will instead of a deed and is void for insufficient attestation, is not for decision by the Supreme Court, because it was not made in the court below.

    October 10, 1890.

Injunction.   Deeds.   Practice.   Before Judge Marshall J. Clarke.   Fulton superior court.   March term, 1890.

Reported in the decision.

J. R. Whiteside, for plaintiffs.

R. J. Jordan, for defendant.

Simmons, Justice.

Melissa Nesbit, Lula Williams and Henry Williams (the latter by his next friend) filed their petition against S. M. Donald, seeking to set aside a certain deed of

gift made by Ann Davis, an aunt of the petitioners, to
the defendant and two of the petitioners, Melissa Nesbit
and Lula Williams, upon the ground that the defend-
ant procured the deed to be made by fraud and undue
influence; that the signing of it was not the free act of
the said Ann Davis; that there was no consideration
whatever for it; and that it was contrary to her inten-
tion and desire as to the disposition of her property,
and was a cloud upon the title, which they had a right
to have removed.   The petition also prayed for an in-
junction and the appointment of a receiver.

1. The case comes to this court upon exceptions by
the plaintiffs to the refusal by the trial judge to grant
an injunction and appoint a receiver.   We do not think
he erred in so doing.   The evidence of the plaintiffs and
of the defendant was conflicting upon the questions
made in the bill; and, as frequently decided by this
court, where such conflict exists and the trial judge
refuses an injunction or the appointment of a receiver,
his discretion will not be interfered with.

2. In the argument before us, it was insisted by
counsel for the plaintiffs in error that the instrument
sought to be set aside was not a deed, but was a will;
and that it was void as a will because executed in the
presence of two witnesses only, instead of three as the
code prescribes.   This point, however, so far as the
record discloses, was not made in the court below.   On
the contrary, the petition alleges that the instrument
is a deed, but is void because procured by fraud and
undue influence; and this was the only point made by
the pleadings and the evidence before the trial judge.
The plaintiffs in error cannot change the issue after the
case comes to this court, and insist that the instrument
is void upon a ground not taken in the pleadings in
the court below.   If the instrument is a will and not a
deed, the plaintiffs in error, if they desire to do so, may

amend their bill and make the proper allegations; and
the learned judge in the court below will doubtless de-
cide the question according to law. As the case now
stands we must affirm the judgment.

                                    *Judgment affirmed.*