THE MILLEDGEVILLE STEAM LAUNDRY COMPANY *v.* GOBERT.

1. Where it does not appear that the defendant insisted upon the statute of frauds in the trial court, either by plea or by objection to evidence, or even by request to instruct the jury, no question on the statute is presented for review.
2. The verdict was warranted by the evidence, and was not contrary to law. *Judgment affirmed.*
   June 20, 1892.

Contract. Statute of frauds. Practice. Verdict. Before Judge JENKINS. Baldwin superior court. July term, 1891.

Gobert sued the defendant in a justice's court for $100, for services rendered for the months of February, March and April, 1891. On appeal to the superior court the jury found for the plaintiff $100 principal, and $1.75 interest. The defendant moved for a new trial on the grounds that the verdict was contrary to law and evidence. The motion was overruled on condition that the plaintiff write off $16.75, which was done.

The testimony for the plaintiff was, in brief: He made contract with the defendant by its president, Barrett; was to work two weeks for nothing, to get the position; afterwards was to receive thirty-three and a third dollars per month. Knew nothing about the laundry business; was employed as manager to do anything about the laundry, such as keeping books, ironing, starching. He fired the steam engine. The contract was made in December, 1890. Sometime in February the laundry was closed down; during the time it was closed plaintiff looked after and kept the machinery in order; kept this up through February, March and April. The contract was to commence January 1, 1891; it was not in writing. Plaintiff never ran a laundry nor saw one before. He attended to the washing, ironing machine, etc. Williams was then boss. Plaintiff ran the laundry for one month (January), and was paid therefor. When he ironed shirts with buttons on them he cut the buttons off; did not always sew them on afterwards. He made no contract in April. A new president was elected. Sanford told him he was only able to pay a fireman $15 a month. Does not remember whether he drove the wagon or not in April. Made a new contract in May with Sanford. Drew no money in February, March or April. Was offered $15 for some work, and $20 for another kind. Contract to work for whole year 1891 was made before Christmas. He knew nothing of the business; did not employ himself as an expert. None of the $100 sued for has been paid. The secretary of de-

fendant wrote an order from the president to the treasurer for one month's salary for the plaintiff. There was no money to pay this order.

For the defendant the testimony was : Barrett made the contract with Gobert. He was to run the laundry as superintendent and general manager. It was shut down about the first of March, for lack of patronage and good management. A green man cannot run a laundry. Barrett knew of no work that plaintiff did in February or March. The work that was done by him was very poor ; shirts did not give satisfaction. The contract was made about the middle of December, 1890, to cover the year 1891. In the north it takes years to become a laundryman. Haw took charge about the 16th of April. The laundry was closed ; machinery was rusty. Gobert is not competent to run a laundry. Shirts can and should be ironed without cutting off the buttons. The work recently done by the laundry has given entire satisfaction. Sanford took hold on the 16th of April, as president. Gobert was in the engine room, and Sanford told him he was not able to give a fireman but $15 a month, and a man to drive the wagon $20 a month. He said he could not accept until he saw his attorney, who was out of the city. At the end of the week Sanford saw fit to make a change, put Gobert on the wagon and put in a new fireman. This he did repeating to Gobert that he was paying a fireman $15 and a wagonman $20 a month. He worked for a week longer, or perhaps ten days, with this understanding, when the first of the month came, and Sanford made out a receipt and requested Gobert to sign it, " and that he would get his money for the time he had worked for me." This he refused to do.

C. P. CRAWFORD and D. B. SANFORD, for plaintiff in error.

WHITFIELD & ALLEN, contra.