594. SMITH, trustee, *v.* COTTON STATES BELTING AND SUPPLY COMPANY.

1. Where a trustee in bankruptcy sues upon an account contracted by the defendant with the bankrupt, and the latter defends by pleading that prior to the institution of the suit he paid the account in full to a third person, to whom it had been transferred prior to the bankruptcy, and the judge, by consent, acting as trior of both law and fact, renders a general judgment for the defendant, an assignment of error in general terms, alleging that under the facts and the law applicable thereto the judgment should have been for the plaintiff instead of for the defendant, is insufficient to raise the question (not hinted at by the pleadings or otherwise considered upon the trial, so far as the record discloses) that the transfer of the account was void under a statute of a sister State wherein the transfer was executed.

Complaint, from city court of Atlanta—Judge Reid.   April 1, 1907.

Argued October 30,—Decided November 25, 1907.

*Dorsey, Brewster, Howell & Heyman, Francis L. Eyles,* for plaintiff.

*DuBignon, Alston & Black* for defendant.

POWELL, J.  In the city court of Atlanta, Smith, as trustee of the Anniston Rolling Mill Company, bankrupt, brought suit against the Cotton States Belting & Supply Company upon an open account, the action being in the ordinary form.  The defendant filed a general denial of liability, but afterwards amended this answer by setting up, that the plaintiff was not the legal owner of the account; that, prior to its bankruptcy, the Anniston Rolling Mill Company, by writing, transferred the account to the Alabama National Bank and directed that payment thereof be made to the bank; also, that prior to the institution of the suit the defendant paid the account in full to the bank.  By consent, all issues, both of law and fact, were submitted to the trial judge.  He rendered judgment for the defendant.  To this judgment the plaintiff excepts; and the sole assignment of error is that "the court erred in rendering said judgment, for that, under the facts of said case and the law applicable thereto, said court should have rendered judgment in favor of the plaintiff, with interest, as set out in the petition."  In this court the plaintiff presents in argument two reasons why the judgment is wrong.  The first is that under the evidence it is shown that the transfer of the account from the rolling mill company to the bank is void as a preference under the bankruptcy act; the other that the transfer is void because in contravention of section 2150 of the Civil Code of 1896 of the State of Alabama, which provides that "All deeds of gift, all conveyances, transfers, and assignments, verbal or written, of goods, chattels, or things in action, made in trust for the use of the person making the same, are void against creditors, existing or subsequent, of such person."  This last point is not even hinted at in the pleadings or in the bill of exceptions, but, as Judge Bleckley once said, appears here for the first time "in its maiden blushes."  We do not think that the assignment of error is sufficient to raise the question of the validity of the transfer under the laws of a sister State, when such laws are not pleaded and are not other-

wise referred to in the record; especially when the transfer would be valid under the laws of this State. *Anderson* v. *Usher,* 59 *Ga.* 578 (2); *Nesbit* v. *Donald,* 86 *Ga.* 26 (2), (12 S. E. 183); *Lathrop* v. *Adkisson,* 87 *Ga.* 340 (10), (13 S. E. 517); *Trice* v. *Rose,* 80 *Ga.* 416 (7 S. E. 109); *Jones* v. *Grantham,* 80 *Ga.* 479 (5 S. E. 764); *Milledgeville Co.* v. *Gobert,* 89 *Ga.* 473 (15 S. E. 551); *Bullock* v. *Johnson,* 110 *Ga.* 486 (35 S. E. 703); *So. Bell Tel. Co.* v. *Parker,* 119 *Ga.* 730 (47 S. E. 194). Possibly the assignment of error is sufficient to raise the question that under the evidence this transfer is shown to be a preference; since the bankruptcy act is as binding as law in this State as if it were enacted by the General Assembly. Political Code of 1895, §1, par 1. The proof as to the essentials necessary to the recovery of a preference under the bankruptcy act being in conflict, the finding of the trial judge is not to be disturbed. If as a matter of fact the transfer from the rolling mills company to the bank is voidable for any reason, the trustee, by suit in proper form against the bank, can recover from it the money received through collection of the account. Bankruptcy act, §§67 (e), and 70 (e.)

*Judgment affirmed.*