## In re FROSTEG.

(District Court, S. D. Georgia, S. W. D. August 3, 1918.)

### No. 889.

1. BANKRUPTCY ⬥◯415(2)—MASTER'S REPORT—EFFECT.

The master's report, stating that no demurrer to the specifications of objections to the bankrupt's discharge was filed, must prevail, especially where the bankrupt's allegations that exceptions to sufficiency of objections were dictated, and were to have been considered, were not verified by the master.

2. BANKRUPTCY ⬥◯407(1)—EXEMPTION—RULING OF REFEREE—RES JUDICATA.

Ruling of referee, on objections to allowance of homestead exemption, that bankrupt had concealed property in violation of Code Ga. 1910, §§ 3377, 3380, is not res judicata against the bankrupt's right to discharge, since Code Ga. 1910, § 3386, permits a creditor to object to an allowance of homestead exemption for fraud of any kind at any time, whereas Bankruptcy Act, § 14b (4), being Comp. St. 1916, § 9598, requires the fraud to have occurred at any time subsequent to the first day of the four months immediately preceding the filing of the petition.

In Bankruptcy. Proceedings in the matter of the estate of L. Frosteg, bankrupt, wherein the bankrupt excepts to the master's report denying his discharge. Judgment reversed, and matter ordered reheard.

Franklin & Langdale, of Valdosta, Ga., for trustee.

J. J. Hill, of Pelham, Ga., for bankrupt.

BEVERLY D. EVANS, District Judge. [1] In his exceptions to the master's report the bankrupt avers that his counsel dictated to the stenographer of the special master, in the presence of the latter and of the attorneys of the bankrupt's trustee, certain stated exceptions to the sufficiency of the objections to the bankrupt's discharge, with the understanding that the same should be considered by the master, and that the master did not consider such exceptions in making his findings of fact and conclusions of law. In his report the master states that no demurrer to the specifications of objections was filed by the bankrupt. The master's report on this issue must prevail, especially as the allegations of fact concerning the circumstances attending the dictation of the demurrer to the objections to the discharge are not verified.

Other exceptions challenge the sufficiency of the evidence to uphold a judgment denying a discharge to the bankrupt. The bankrupt had previously applied for a homestead exemption. This was resisted, on the ground that the bankrupt had not made a full and fair disclosure of his property in his petition to be adjudicated a bankrupt, and had willfully and fraudulently concealed large sums of money and quantities of merchandise. The creditors also prosecuted a rule for contempt because of the bankrupt's failure to produce the alleged concealed assets. On the hearing of these proceedings the referee found:

"That the bankrupt should account for at least $3,000 in goods or cash, or goods and cash, and inasmuch as such amount has been withheld from the

trustee the referee finds that the bankrupt is guilty of fraud, and that he has not made a full and fair disclosure of his property, but the same has been withheld and concealed in such a way that he would not be entitled to his exemption of $1,600 as contemplated in sections 3377 and 3380 of the Code of Georgia."

The rule for contempt was discharged on the ground that no evidence was—

"adduced to show positively that the bankrupt had in his possession or control either the goods or the money unaccounted for by him, and alleged to have been fraudulently concealed."

In passing on the objections to the discharge, the master reported that the judgments in these proceedings adjudicated that the bankrupt had concealed assets, and made out a prima facie case for denying a discharge, which had not been overcome by any evidence, except that considered by the referee at the time his judgments refusing an exemption and discharging the rule for contempt were entered. It is apparent that the special master bases his judgment denying a discharge on the footing that the bankrupt had been adjudicated by the referee to have willfully and fraudulently concealed assets from his creditors.

[2] I do not think the principle of res judicata in its full scope is applicable to the present case. Before a judgment in a former case between the same parties shall be conclusive in another and later case, it is necessary that the point in issue shall be the same. Henderson v. Fox, 80 Ga. 479, 6 S. E. 164. Under the Georgia statute (Code 1910, § 3386) a creditor is permitted to object to an allowance of homestead exemption for fraud of any kind, and the time in which the alleged fraud was committed is not restricted. Under Bankruptcy Act July 1, 1898, c. 541, § 14b (4), 30 Stat. 550 (Comp. St. 1916, § 9598), it is ground for objection to a bankrupt's discharge that he "at any time subsequent to the first day of the four months immediately preceding the filing of the petition" concealed any of his property with intent to defraud any of his creditors. Thus it will be seen that a fraudulent transfer of assets, made more than four months before the filing of the petition for bankruptcy, may, under the Georgia statute, defeat a homestead, though such transfer would not defeat a bankrupt's right to a discharge. The referee, in his judgment refusing a homestead to the bankrupt, recited that it was impossible to make an account of the bankrupt's expenditures during a six months period previous to the filing of the petition for bankruptcy. The report of the master in the present case was predicated solely on the record of the former proceedings.

I am of the opinion that the evidence is insufficient to deny a discharge to the bankrupt, and that the judgment of the master should be reversed, and the matter be reheard by him; and it is so ordered.