22208. CAPPS *v.* TOCCOA FALLS LIGHT & POWER CO.

DECIDED JANUARY 21, 1933.

*Wheeler & Kenyon, John H. Davis & Son, Bond & McClure,* for plaintiff in error.

*George L. Goode, George G. Allen, B. F. Davis,* contra.

JENKINS, P. J. (After stating the foregoing facts.)

The first headnote requires no elaboration. The previous litigation was a mere personal action by the claimant against certain defendants, among whom was the plaintiff in fi. fa., and sought merely a personal judgment against the defendants named. Accordingly, it did not pertain to the same cause of action as that involved in the instant claim case, under the rules set forth by the first headnote. Not being the same cause of action, the plaintiff in fi. fa. could not be bound under the doctrine of res judicata.

An estoppel by judgment, however, can arise by virtue of a judgment authorized by the pleadings, rendered in previous litigation between the same parties, based upon an altogether different cause of·action. The question presented, therefore, is whether the decree taken in the former litigation, actually adjudicating a question not raised by the pleadings, but entered by the consent of all parties, is conclusive upon the plaintiff in fi. fa. We think that such a decree thus formally entered by consent is binding, according to its terms, upon the parties agreeing thereto; but in the instant case all that the decree sought to do was to determine the title to the property described as "the Capps Cotton Mill or Capps Manufacturing Company property," and did not purport to adjudicate or determine what constituted the property referred to. The pleadings not having raised such latter question so as to render such an adjudication necessary, and the consent judgment itself not having sought in any wise to determine the question now in dispute, the plaintiff in fi. fa. is not bound under the doctrine of estoppel by judgment. Whether or not the particular machinery involved in the present claim case did or did not constitute a part of the "Capps Cotton Mill or Capps Manufacturing Company property" was a disputed issue of fact in the instant case, and the judge properly submitted this as the only vital issue of fact for the determination of the jury. The jury were authorized to find that the particular machinery here involved had never belonged to the Capps Manufacturing Company, but that it had merely been delivered to that company by the owner, the Bibb Manufacturing Company, under what amounted to a continuing offer to sell upon compliance by the Capps Manufacturing Company with the terms of the executory agreement; that the Capps Manufacturing Company had never acquired any interest, legal or equitable, in the property, but had informed the owner, the Bibb Manufacturing Company, of its inability to purchase the property upon the terms offered, and that the Bibb company had thereupon, with the knowledge of the Capps Manufacturing Company (its president conducting the negotiations), sold the property to the Toccoa Falls Light and Power Company, and received from that company the purchase-price agreed upon.

■ The alleged newly discovered evidence consisted of a financial statement, alleged to have been prepared by the witness Simp-

son, president of the plaintiff company, for the Capps Manufacturing Company, of which he was also president, several months prior to the purchase of the machinery in dispute by the plaintiff in fi. fa. There was included in this financial statement, among the listed assets of the Capps Manufacturing Company, a specified number of "rings" and a specified number of "twister spindles." It is alleged by the movant, in connection with this ground of the motion for a new trial, that the number of spindles and rings set forth by the financial statement included the particular machinery here involved. This alleged newly discovered evidence tended merely to impeach the otherwise uncontradicted testimony of the witness as to the terms of the original delivery of the machinery by the Bibb Manufacturing Company to the Capps Manufacturing Company, since it amounted to no more than evidence of a previous statement by the witness in contradiction of the testimony delivered by him on the trial. Accordingly, the trial judge did not err in refusing a new trial on this ground. Civil Code (1910), §§ 6085, 6086.

■ The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Stephens, J., concurs. Sutton, J., disqualified.*