In the Matter of the Estate of CHARLES L. BAKER, Deceased.

Surrogate's Court, Bronx County, April 10, 1947.

*Solon Myles Chadabe* for petitioner.

*Reginald H. Schenck* for objectant.

HENDERSON, S. This is an application for letters of administration made by the designee of two first cousins on the maternal side who allege that they are decedent's only distributees.

Objections to the issuance of such letters have been filed by one Katherine Beaton, who asserts that she is a first cousin on the paternal side. In support of this assertion, she has shown that she is the daughter of John Q. A. Baker, a deceased brother of Robert B. Baker who, it is alleged by the objectant, was the decedent's father.

Upon the hearing, petitioner has moved to strike out the objections and notice of appearance filed by the objectant, on the basis of a decree heretofore entered on the 28th day of

February, 1900, in the Surrogate's Court of New York County, in the estate of Masklin C. Baker, deceased, determining that the decedent herein was not the legitimate child of the aforesaid Robert B. Baker.

Masklin C. Baker died on the 27th day of May, 1897. John Q. A. Baker, a son, the father of the objectant herein, was appointed the administrator of his father's estate by the Surrogate's Court of New York County. On August 11, 1898, a decree judicially settling his account as such administrator was entered. In such account, Charles L. Baker, the decedent herein, was mentioned as a grandson, the issue of Robert B. Baker who had died on May 17, 1895. On July 10, 1899, this decree was vacated so as to ascertain whether or not one Jeremiah Baker, who had not been made a party to the proceedings, was the son of Robert B. Baker and the grandson of Masklin C. Baker, and also as to whether or not he was the only legitimate issue of the said Robert B. Baker. After hearing the proofs, the court found that the said Jeremiah Baker was the only legitimate issue of Robert B. Baker and thereupon entered the decree of February 28, 1900.

The objectant contends that this decree is not binding upon her because she was not a party to the proceedings in which such decree was made and that no proof was offered by the petitioner to show that all necessary parties were before the court in the proceedings which resulted in the decree. Upon the basis of these contentions, she desires this court to take certain evidence which, it is claimed, would establish the legitimacy of the decedent contrary to the findings heretofore made by the Surrogate's Court of New York County.

The motion to strike out the objections and notice of appearance is granted.

The general rule is that an issue, once litigated and determined by a judgment, shall not again be contested in any subsequent controversy between the same parties or their privies. Such judgment is conclusive not only upon all parties to the litigation which terminated in the decree, but also upon all persons in privity with them, and all who are bound by it are entitled to its benefit against parties to it or their privies (*Fulton Co. G. & E. Co.* v. *Hudson Riv. T. Co.*, 200 N. Y. 287, 296; *Williams* v. *Barkley*, 165 N. Y. 48, 54; *Craig* v. *Ward*, 3 Abb. Prac. [N. S.] 235). Privity, as this term is used when dealing with the estoppel after judgment, means mutual or successive relationship to the same rights of property (*Haverhill* v.

*International Railway Co.,* 217 App. Div. 521, affd. 244 N. Y. 582) and privies are those persons who are represented by the parties and who claim through them, or in privity with them, who have a mutual or successive relationship to the same right or thing (*Goddard* v. *Benson,* 15 Abb. Prac. 191).

Upon an application of these rules to the instant case, it is clear that the decree, heretofore made, determining the decedent's status is as conclusive upon the objectant as it was upon her father before her.

It is not necessary for the petitioner to show that all of the necessary parties were before the court when such decree was made. Such jurisdiction is presumptively proved by the recitals to that effect in the decree (Surrogate's Ct. Act, § 43). No proof has been offered by the objectant to overcome this presumption.

Accordingly, the evidence which the objectant claims would establish the legitimacy, is clearly inadmissible in this proceeding.

Letters of administration will issue to the petitioner upon the filing of a bond in the sum of $14,000 and otherwise qualifying pursuant to statute.

Settle decree.