42603. SMITH v. WOOD et al.

ARGUED FEBRUARY 6, 1967—DECIDED FEBRUARY 17, 1967.

*Kenyon & Gunter, E. D. Kenyon,* for appellant.
*Ellard & Frankum, Stephen D. Frankum,* for appellees.

EBERHARDT, Judge. ■ This is not a plea of res judicata (though it springs from and is a part of that doctrine), for under that plea a former adjudication is a bar as to all matters placed in issue or which might have been placed in issue between the same parties, or their privies, upon the same cause of action. Rather, it is a plea of estoppel by judgment, sometimes referred to as "collateral estoppel," or as "estoppel by verdict." Under that branch of the doctrine the former adjudication is

a bar if the *same issues* were litigated by the parties or their privies in the previous action, though it is not essential that it be upon the same cause of action. *Hunter v. Davis,* 19 Ga. 413; *Bradley v. Johnson,* 49 Ga. 412; *Henderson v. Fox,* 80 Ga. 479 (6 SE 164); *Worth v. Carmichael,* 114 Ga. 699 (40 SE 797); *Draper v. Medlock,* 122 Ga. 234 (50 SE 113, 69 LRA 483, 2 AC 650); *Goodwin v. Bowen,* 184 Ga. 408 (191 SE 691); *Sumner v. Sumner,* 186 Ga. 390 (197 SE 833); *Phillips v. Hightower,* 190 Ga. 785 (10 SE2d 854); *Gunnin v. Carlile,* 195 Ga. 861 (25 SE2d 652); *Spence v. Erwin,* 200 Ga. 672 (38 SE2d 394); *Price v. Price,* 205 Ga. 623 (54 SE2d 578); *Capps v. Toccoa Falls Light &c. Co.,* 46 Ga. App. 268 (167 SE 530); *Morris v. Ga. Power Co.,* 65 Ga. App. 180 (15 SE2d 730).

■ Although the plea of estoppel by judgment has not often been used in connection with negligence actions, it is available if the requirements of the plea are met. See and compare *Berry v. Northeastern R.,* 72 Ga. 137 (1); *Georgia R. & Bkg. Co. v. Fitzgerald,* 108 Ga. 507 (34 SE 316, 49 LRA 175); *Southern Bell Tel. & Tel. Co. v. Cassin,* 111 Ga. 575, 588-591 (36 SE 881, 50 LRA 694); *Hooper v. Southern R. Co.,* 112 Ga. 96 (37 SE 165); *Clark v. Southern R. Co.,* 20 Ga. App. 274 (92 SE 1020); *Shipman v. Johnson,* 89 Ga. App. 620, 624 (80 SE2d 717); Sayre v. Crews, 184 F2d 723 (5th Cir.); Adriaanse v. U. S., 184 F2d 968 (2d Cir.), cert. den. 340 U. S. 932; Moran v. Lehman, 157 NYS2d 684 (7 Misc. 2d 994); Stangle v. Chicago, R. I. & P. R. Co., 295 F2d 789 (7th Cir.); Little v. Blue Goose Motor Coach Co., 346 Ill. 266 (178 NE 496); Franciscy v. Jordan, 43 Ill. App. 2d 344 (193 NE2d 219); Queen City Coach Co. v. Burrell, 241 N. C. 432 (85 SE2d 688); Gentry v. Farruggia, 132 W. Va. 809 (53 SE2d 741); Gleaton v. Southern R. Co., 212 S. C. 186 (46 SE2d 879).

It is available when the present action is brought under the wrongful death statutes, or Lord Campbell's Act, or under a survival statute, while the former action was at common law, or vice versa, if the requirements of the plea are met.

■ Is the plea here sufficient as a plea of estoppel by judgment? We conclude that, as against general demurrer, it is. After reciting in the plea the facts involved in both the prior ac-

tion and the current action and the parties involved in each, it is alleged that "the same identical acts of negligence" were alleged against the defendant in the prior action as appear in the present suit, and that "all the acts of negligence alleged against the defendant, Bennie Smith, in the present suit were alleged against said defendant in the previous suit filed by Marion Boyd Wood, growing out of the same wreck, and were within the scope of the pleadings and evidence in said previous case and were duly adjudicated in that case in favor of the defendant."

A plea of res judicata or of estoppel by judgment "should allege all the facts and exhibit all the record essential to show that the plea is meritorious" (*Butler, Stevens & Co. v. Moseley,* 14 Ga. App. 288 (2) (80 SE 789); cf. *Scarborough v. Edgar,* 176 Ga. 574 (3) (168 SE 592), overruled on other grounds in *Jones v. Dean,* 188 Ga. 319 (3 SE2d 894)); but absence of the pleadings and evidence of the former case as an exhibit to the plea in the present case is a matter for special demurrer. *Roadway Express, Inc. v. McBroom,* 61 Ga. App. 223 (2) (6 SE2d 460).

It is necessary, of course, that the plea be supported by evidence; and if the plea is sufficient to withstand a general demurrer, it is error to dismiss it without having afforded opportunity to introduce evidence in support thereof. *King v. Pate,* 215 Ga. 593 (1) (112 SE2d 589). Cf. *Weaver v. Tuten,* 138 Ga. 101 (74 SE 835). On the other hand, if no evidence is tendered to support it, the plea should be dismissed. *Carr v. Car-Perk Services, Inc.,* 222 Ga. 793 (152 SE2d 692).

■ Since it is obvious that the parties to the prior action and to the present action are not the same, in that Mr. Wood's children are added as plaintiffs in the present action, the question arises as to whether the children are privies so that the plea is available against them.

In the context here one party is a privy of another where there is a mutual or successive relationship to the same right. *Osburn v. Stickel,* 187 S2d 89 (Fla. Dist. Ct. App.). Privity is not established by the mere fact that the persons may happen to be interested in the same question or in proving the same

state of facts. Coleman v. Bosworth, 180 Iowa 975, 984 (164 NW 238). The privity must exist as to the prior judgment. All who are bound by it are entitled to its benefits as against the parties to it or their privies. In Re Baker's Estate, 69 NYS2d 626 (189 Misc. 159). "Generally speaking, privies are those legally represented at the trial. Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right; and where this identity is found to exist, all are alike concluded and bound by the judgment." Hixson v. Kansas City, 361 Mo. 1211, 1216 (239 SW2d 341). "Privity does not mean those who might be affected and whose liability might be fixed by the same set of facts." Howard v. Fairmont Machinery Co., 101 FSupp. 778, 779 (E. D. Ky.). "[O]nly facts essential to the judgment, as opposed to the evidentiary facts on which the facts in issue depend, are subject to collateral estoppel." Tomlinson v. Lefkowitz, 334 F2d 262, 264 (5th Cir.), cert. den. 379 U. S. 962.

This brings us to the simple inquiry of whether the children, merely because of their relationship to Mr. Wood, had any interest in the recovery sought in the prior action, and thus whether they were represented in it by him. The answer is obvious. They were not. The mere fact that in the event of his death they will be his heirs at law does not afford the privity required. Cf. *Blakewood v. Yellow Cab Co.*, 61 Ga. App. 149 (6 SE2d 126); *Russ Transport, Inc. v. Jones,* 104 Ga. App. 612 (122 SE2d 282), dealing with pleas of res judicata.

This is not to say that any defense which would have been available to the defendant, had Mrs. Wood lived and brought suit against him to recover for her injuries, is not available against the plaintiffs in the current action. It is. *Southern Bell Tel. & Tel. Co. v. Cassin,* 111 Ga. 575, 588-589, supra; *Berry v. Northeastern R.,* 72 Ga. 137, supra. That was true also, of course, in the prior action prosecuted by Mr. Wood. However, the fact that this is true as to both actions does not afford the necessary privity for the judgment in the former action to work an estoppel against the children who are plaintiffs in this action. If *Code* § 105-1306 had not been amended by the Act

of 1960 (Ga. L. 1960, p. 968) so as to permit a prosecution of the action by less than all who may be entitled to recover, a different result might be required. But under that Act the elimination of Mr. Wood as a party plaintiff, because of the estoppel of the prior judgment, will not prevent the children from proceeding.

We conclude that as to Mr. Wood the plea of estoppel by judgment is available, but not as against his children. Dismissal of the plea was error. The defendant should be afforded opportunity to sustain it, as to Mr. Wood, by evidence.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*