In re Rudolph and Libby **HIRSCH, Debtors.**

Louis and Howard **WINTER, Plaintiffs,**

v.

Rudolph and Libby **HIRSCH, Defendants.**

**Bankruptcy No. 88–04923–BKC–TCB. Adv. No. 89–0049–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

May 5, 1989.

---

Kahn & Gutter, Attorney Nancy Berz, Ft. Lauderdale, Fla., for plaintiffs.

Stuart I. Levin, Miami, Fla., for defendants.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

Plaintiffs seek exception from discharge under 11 U.S.C. § 523(a)(4). The debtors have answered. The plaintiffs filed a motion (CP 10) for summary judgment. The matter was tried on March 23. I now conclude that the judgment claims of the plaintiffs are nondischargeable.

The facts are set forth at length in a Final Decree of the New York Surrogate's Court (Ex. A), incorporating a referee's report (Ex. B). Plaintiffs and defendants both rely on the State court findings as support for their respective positions.

Plaintiffs' mother died in 1965, four years after their father's death. The debtors, the uncle and aunt, were co-trustees under the mother's will and served as guardians for the two minor children.

The State Surrogate's Court entered judgment for the plaintiffs and against the debtors on March 12, 1987 in the total sum of $124,995. This sum represents the liabilities of the debtors calculated as surcharges in accordance with the specific findings in the referee's recommendations. (Ex. B pp. 80–83).

The record establishes that the debtors were guilty of: (1) "commingling of funds, self-dealing, less than forthright disclosure of facts and intentional delay ..."; (2) negligence in safeguarding personal property; (3) late payment of estate taxes incurring expenses which informed and prudent management could have avoided; (4) "excessive charges for unexplained miscellaneous expenses ..."; (5) use of home for eight years without compensation to estate; and (6) failure to collect full amount of social security benefits due to plaintiffs. (Ex. B pp. 80–83).

The debtors' position is that the State court judgment makes no specific finding of fraud, and is therefore an exoneration, "even if the defendants committed a breach of fiduciary duty." (CP 9 ¶¶ 17–21).

Section 523(a)(4) excepts from discharge debts:

"for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

There is no evidence here of the criminal intent essential to either embezzlement, larceny or fraud. It is clear, however, that this debt arose from the debtors' defalca-

tion while acting in a fiduciary capacity. 3 *Collier on Bankruptcy* ¶ 523.14[1][b] (15th ed. 1989).

■ In the leading case defining defalcation, *Central Hanover Bank & Trust Co. v. Herbst*, 93 F.2d 510 (2nd Cir.1937), under the provision from which this subsection was derived, Judge Hand said:

"Colloquially perhaps the word, 'defalcation', ordinarily implies some moral dereliction, but in this context it may have included innocent defaults, so as to include all fiduciaries who for any reason were short in their accounts ... Whatever was the original meaning of 'defalcation,' it must here have covered other defaults than deliberate malversations, else it added nothing to the words, 'fraud or embezzlement' ... All we decide is that when a fiduciary takes money upon a conditional authority which may be invoked and knows at the time it may, he is guilty of a 'defalcation' though it may not be 'fraud,' or an 'embezzlement,' or perhaps not even a 'misappropriation.'"

The inclusion of "innocent defaults" as a basis for defalcation has been followed by other circuits [1] and is consistently relied upon by bankruptcy courts [2] in interpreting § 523(a)(4) under a broad standard [defalcation in a fiduciary capacity].

To establish a defalcation, therefore, the plaintiffs are not required to prove that the fiduciary derived a personal benefit from the diversion of the estate [3] or that there was any criminal intent. The debtors' argument that there was no finding of (1) fraud, embezzlement or larceny; or (2) use of funds for personal benefit or exclusively for the debtors, is unpersuasive. (CP 11b). The plaintiffs need prove only that the diversion of estate assets was unauthorized and intentional. The evidence shows that to be exactly what did occur and that was

the basis for holding the debtors liable for surcharges.

■ The acts of mismanagement and diversion by defendants with respect to shared living expenses, costs of housing, tax penalties and social security benefits were established by the evidence in the New York proceeding based on reconstructed accounts. Imputation of bad faith is not a factor here. However, defendants argue that the failure to make such a finding causes the New York judgment to be a mere "money judgment." From that faulty premise, defendants argue that they have already been exonerated. That argument carries no weight under well-established case law.

■ Defendants' affirmative defenses raise collateral estoppel and res judicata as bars to a finding of nondischargeability. I disagree. The nondischargeability issue was not before the Surrogate's Court and not necessary to that court's findings. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *In re Held*, 734 F.2d 628 (11th Cir.1984). However, the State court record is more than ample evidence for the plaintiffs to establish the degree of misconduct by the debtors required to prove the elements of nondischargeability under § 523(a)(4). *Carey Lumber, supra* at 377.

It follows that plaintiffs are entitled to a judgment excepting from discharge the sums fixed by the State court judgment dated March 12, 1987 in the amount of $124,995.

Costs may be taxed on motion.

DONE and ORDERED.

1. *Carey Lumber Co. v. Bell,* 615 F.2d 370, 376 (5th Cir.1980); *In re Johnson,* 691 F.2d 249, 256 (6th Cir.1982).

2. *E.g., In re Kern,* 98 B.R. 321 (Bankr.S.D.Ohio 1989) (and cases cited therein); *In re Kelley,* 84 B.R. 225, 230–31 (Bankr.M.D.Fla.1988); *In re Gans,* 75 B.R. 474, 490 (Bankr.S.D.N.Y.1987).

3. Defendant cites numerous cases which hold that personal benefit is an essential element when an action involves a debtor-officer of a corporation. Those cases and that principle are not applicable here.