Rudolph **HIRSCH** and Libby Hirsch, Appellants,

v.

Louis **WINTER** and Howard Winter, Appellees.

No. 89–1523–CIV.

United States District Court, S.D. Florida.

Oct. 18, 1989.

Nancy Berz, Ft. Lauderdale, Fla., for appellees.

Stuart I. Levin, Miami, Fla., for appellants.

## MEMORANDUM DECISION

SCOTT, District Judge.

This bankruptcy appeal raises the issue of whether the Bankruptcy Code provides protection to a debtor who has incurred liability for breaching fiduciary duties as a trustee without deriving personal benefit from diversion of the estate. *See* 11 U.S.C. § 523(a)(4).

## I. BACKGROUND

Elsie Winter died in 1965, leaving two orphan children, Louis and Howard, aged thirteen and fifteen. In her will, Elsie named her brother and sister-in-law Rudolph and Libby Hirsch as co-trustees and guardians of the minor children. The Hirsch's moved into the Winter's home and expended trust funds to support the children.

When Louis and Howard Winter reached maturity, they brought an action in the Surrogate's Court of Nassau County, New York to compel an accounting of the estate. The eighty-three page Report of the Referee details "a case history of fiduciaries violating almost all of the rules governing positions of trust." Referee's Report at page 60. The referee cited the following specific failings of the Hirsch's as trustees:

(1) "commingling of funds, self-dealing, less than forthright disclosure of facts and intentional delay"; (2) negligence in safeguarding personal property; (3) late payment of estate taxes incurring expenses which informed and prudent management could have avoided; (4) "excessive charges for unexplained miscellaneous expenses"; (5) use of home for eight years without compensation to es-

tate; and (6) failure to collect full amount of social security benefits due to plaintiffs.

*In re Hirsch*, 101 B.R. 364, 365 (Bankr.S.D. Fla.1989) (quoting Report of Referee, pages 80–83). On March 12, 1987, the Surrogate's Court entered judgment for the plaintiffs and against the debtors in the sum of $124,995.

Appellants Rudolph and Libby Hirsch subsequently filed bankruptcy but Appellees Louis and Howard Winter secured an exception from discharge under 11 U.S.C. § 523(a)(4), which pertains to debts arising from "defalcation while acting in a fiduciary capacity." This appeal followed.

## II. DISCUSSION

Section 523(a)(4) of the Bankruptcy Code provides: "[T]his title does not discharge an individual debtor from any debt — ... for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny...." 11 U.S.C. § 523(a)(4). Appellants concede that the debt arises from actions taken in their fiduciary capacity as trustees. However, Appellants contend that the bankruptcy court erred in finding that the debt was incurred as a result of defalcation.

The parties agree that the term "defalcation" generally means the "failure of the fiduciary to account for the money he received in his fiduciary capacity." Appellants'· Brief at page 5; Appellees' Brief at page 5; *see Carey Lumber Co. v. Bell*, 615 F.2d 370, 376 (5th Cir.1980); *Central Hanover Bank & Trust Co. v. Herbst*, 93 F.2d 510 (2nd Cir.1937). However, Appellants claim that defalcation presupposes that the fiduciary has diverted funds from the trust for personal gain.

Unfortunately for Appellants, that argument has already been expressly rejected by the former Fifth Circuit in an opinion which is binding on this Court. In *Carey Lumber Co.* 615 F.2d at 376, the court held that there was no requirement that the trust "must have been diverted to the bankrupt's own personal benefit." In so holding, the court distinguished the line of

cases relied on by Appellants to the effect that "a director may not be held liable for the debts of a corporation absent a showing of diversion of corporate funds for the bankrupt's use." *Id.* The court explained that "without such evidence the bankrupt has not breached a fiduciary duty owed to the corporation and its creditors. The real issue then, in these cases, is whether the bankrupt breached a fiduciary duty such that he may be held liable for the debts of a corporation." *Id.* Thus, those cases are inapposite, and *Carey* controls our decision here.

### III. CONCLUSION

Appellants admit that the judgment arose from their actions as fiduciaries and they cannot reasonably contest the extensive factual predicate of the bankruptcy court's decision. While Appellants may not have received any financial gain from the neglect of their duties, that does not provide a defense to the exception from discharge under section 523(a)(4).

The Court concludes that Appellants have failed to establish any error by the bankruptcy court in excepting the judgment from discharge pursuant to section 523(a)(4). Accordingly, the judgment of the bankruptcy court is hereby AF-FIRMED.

DONE and ORDERED.