**In re Kathy D. POSTELL and Richard A. Postell, Debtors.**

**Karl J. DUFF, Trustee of Ida G. Seig Testamentary Trust, Plaintiff,**

v.

**Kathy D. POSTELL and Richard A. Postell, Defendants.**

**Bankruptcy No. A90–10711–JB.**
**Adv. No. 90–0695.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Sept. 9, 1991.

Ellen McElyea, Canton, Ga., for plaintiff.

Anthony J. Perotta, Cartersville, Ga., for defendants.

## ORDER

JOYCE BIHARY, Bankruptcy Judge.

This adversary proceeding is before the Court on plaintiff's motion for summary judgment. Plaintiff seeks a determination that a judgment entered in his favor against the defendants is nondischargeable under 11 U.S.C. § 523(a)(4) as to defendant Richard Postell, and is nondischargeable under 11 U.S.C. § 523(a)(6) as to defendant Kathy Postell. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

The key inquiry is whether the doctrine of collateral estoppel applies and entitles plaintiff to a summary judgment. The instant debt arises out of a judgment entered by the Superior Court of Cherokee County, Georgia, on November 6, 1987 in the case of *Karl J. Duff, Trustee of the Ida G. Seig Testamentary Trust v. Richard Postell and Kathy Postell*, Civil Action File No. 85–CV–1000 ("Superior Court Litigation"). Defendants did not appeal the judgment. After carefully reviewing the record, the Court concludes that collateral estoppel applies, and plaintiff's motion for summary judgment should be GRANTED.

The material facts are not in dispute. Plaintiff is Karl J. Duff in his capacity as

trustee of the Ida G. Seig Testamentary Trust. Defendant Kathy Postell is the mother of Scott Green and Jennie Green, sole beneficiaries of the trust provided for in the Last Will and Testament of Ida G. Seig. Defendant Richard A. Postell, stepfather of the beneficiaries, was named trustee pursuant to the terms of the will. The Superior Court Litigation was initially brought in 1985 by William Green, father of the beneficiaries, as next friend of the children, when he filed a petition in the Superior Court of Cherokee County praying for, among other things, the removal of Richard Postell as trustee and a judgment for trust funds allegedly converted or misused. In 1986, defendant Kathy Postell was added as a defendant with the allegation that she had converted the trust funds.

Defendants were represented by counsel in the Superior Court Litigation. On September 10, 1986, the Superior Court entered an order appointing Karl J. Duff as auditor in the action with all of the powers and duties afforded auditors by law pursuant to O.C.G.A. § 9–7–1, et seq. Defendants consented to this order. On November 6, 1986, Mr. Duff conducted a hearing in his capacity as auditor. A transcript of that hearing has been submitted as a part of the record in this adversary proceeding. At the outset of the hearing, Mr. Duff announced that he had also been appointed as interim trustee for the funds for the minors and he requested confirmation from the parties that there were no objections to his serving as both trustee and auditor. Counsel for all parties confirmed on the record that they had no objection. (Tr. pp. 4–5.)

On June 23, 1987, Mr. Duff, as auditor, submitted a 24–page auditor's Report to the Superior Court which contained detailed findings of fact and conclusions of law. As to defendant Richard Postell, the auditor found that Mr. Postell received some $27,499.99 as trustee for Jennie and Scott Green; that he immediately turned these funds over to his wife, Kathy Postell, in violation of the several duties imposed on him by the trust language in the Seig Will and applicable Georgia statutes; that thereafter, Mr. Postell took no action as trustee to conserve the funds, preserve the funds, or even monitor their expenditure, in breach of his duties as trustee; that Mr. Postell was remiss and neglectful concerning his duties under the Will and under the law; that he showed no intent to discharge such duties at any time; that he allowed Kathy Postell, through free use of trust funds, to support their entire family from trust proceeds at a standard of living above that which they would have otherwise experienced solely on his earned income, thus benefiting directly from the expenditure of the trust corpus, and allowing violation of the direction that disbursements be first from investment income; and that Mr. Postell made no plan to invest or to safeguard any corpus for future medical or educational needs of the children/beneficiaries as plainly required by the Will.

As to Kathy Postell, the auditor found that she knowingly and willingly acted as trustee of the funds without any authority to do so; that she made no formal reports to the actual trustee (her husband) as to trust fund expenditures; that she made affirmative misrepresentations to her husband, the trustee, as to the status of and use of trust monies; and that she knowingly and willingly converted trust funds designated for the support and upkeep of the children for the support and entertainment of non-beneficiaries, including herself, thereby enjoying an artificially increased standard of living. The auditor further found that Kathy Postell freely spent large sums of trust funds with no regard for the preservation thereof on behalf of the two sole beneficiaries of the trust; that she submitted an accounting for trust fund bills for items which could not conceivably be related to the beneficiaries; that she viewed the trust as a fund which may be freely expended for virtually any purpose, without regard to provision for the children's future needs; that she felt no need to repay the trust for expenditures made on behalf of non-beneficiaries; that, with the exception of medical expenditures, tutors and a percentage of grocery and clothing expenditures, her uses of trust funds were excessive, extravagant, unmerited

790

and contrary to the express terms of the trust; and that, as a result of her expenditures and as a result of the indifference of the true trustee to her actions, the trust funds were exhausted within a period of roughly 18 months.

The auditor made detailed findings regarding each expenditure from the trust funds and found that $19,395.30 was either unaccounted for or disallowed. The auditor further found as follows:

I find as a fact that the Defendant Richard Postell, in direct dereliction of duties as Trustee allowed Kathy Postell to waste $19,395.30 of Trust monies for matters not contemplated by the creator of the Trust and in disregard of express direction and purpose (discussed above) that there be planning for and thought given to the long-range needs of the beneficiaries of the Trust. I find further that Richard and Kathy Postell were the direct or indirect beneficiaries of at least some of the waste, in the form of vacations, food (groceries), gas and even house payments, which have not been repaid to corpus.

I find as a fact that the Defendants attempted to disguise the extent and nature of trust fund expenditures from third Parties. I find as a fact that Kathy Postell, with the acquiescence of Richard Postell, seized the Trust and treated it as a fund from which the *entire family* (*not* just beneficiaries) could and did live at a higher standard of living than would have otherwise been possible, without regard for the *future* welfare or needs of the beneficiaries.

Auditor's Report dated June 19, 1987, p. 21. There is nothing in the record to suggest that either Richard Postell or Kathy Postell ever filed any exceptions to the Auditor's Report.

On November 6, 1987, the Superior Court entered an "Order and Judgment" substituting Karl J. Duff as trustee in the action and stating, in pertinent part, as follows:

The Court further finds that Defendant Richard Postell knowingly and wilfully failed to exercise ordinary diligence in the preservation and protection of the Trust property, as is required by his duties as Trustee outlined in the Last Will and Testament of Ida Seig, and as is required by *O.C.G.A.* 53–13–51.

The Court further finds that Kathy Postell knowingly and wilfully converted trust funds designated for the support and upkeep of the beneficiaries for the support and entertainment of non-beneficiaries, including herself, and that, pursuant to *O.C.G.A.* 53–12–7, Defendant Kathy Postell is directly liable to the beneficiaries for the funds thus expended.

THEREFORE, the Court finds that the Defendants Richard and Kathy Postell are jointly and severally liable to Plaintiffs in the amount of $19,395.30, together with the costs of this action, including one half (½) of the Auditor's fees.

*Duff v. Postell*, No. 85–CV–1000 (Superior Court of Cherokee County, November 6, 1987). Defendants' counsel of record expressly consented to the Order and Judgment.

On August 6, 1990, defendants filed a joint petition for relief under Chapter 7 of the Bankruptcy Code. Plaintiff filed this adversary proceeding alleging that the judgment claim should be declared nondischargeable under 11 U.S.C. § 523(a)(4) as to Richard Postell and nondischargeable under 11 U.S.C. § 523(a)(6) as to Kathy Postell.

Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny", and § 523(a)(6) excepts from discharge any debt for "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(4) and (6) (1982). Plaintiff has moved for summary judgment, alleging that the factual issues relating to nondischargeability were litigated in the Superior Court Litigation and that defendants are collaterally estopped from denying dischargeability.

It is clear that a bankruptcy court may apply collateral estoppel in a proceeding objecting to the dischargeability of a claim under § 523 of the Bankruptcy Code. *Gro-*

*gan v. Garner,* —— U.S. ——, 111 S.Ct. 654, 658, n. 11, 112 L.Ed.2d 755 (1991); *In re Yanks,* 931 F.2d 42 (11th Cir.1991). The federal courts have not been uniform in deciding whether to apply the collateral estoppel law of the State in which the judgment at issue was rendered or the federal law of collateral estoppel. *See* discussion in *Sciarrone v. Brownlee (In re Brownlee),* 83 B.R. 836, 838 (Bankr.N.D.Ga.1988). In Georgia, collateral estoppel is available when there has been a former adjudication of the same issues by the parties or their privies, even though the adjudication may not have been upon the same cause of action. *Blakely v. Couch,* 129 Ga.App. 625, 200 S.E.2d 493 (1973); *Smith v. Wood,* 115 Ga.App. 265, 154 S.E.2d 646 (1967). Federal collateral estoppel requires the following:

(1) The issue at stake must be identical to the one involved in the prior litigation;

(2) The issue must have been actually litigated in the prior litigation; and

(3) The determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the prior action.

*Halpern v. First Georgia Bank (In re Halpern),* 810 F.2d 1061, 1064 (11th Cir. 1987); *Miller v. Held (In re Held),* 734 F.2d 628 (11th Cir.1984). Applying either the Georgia or the federal law of collateral estoppel, the Superior Court judgment is nondischargeable.

■ In the Order and Judgment, the Superior Court found that Richard Postell was a trustee pursuant to the last will and testament of Ida Seig. From this finding, this Court concludes that Richard Postell was a fiduciary within the meaning of § 523(a)(4). *See Kraemer v. Crook,* 94 B.R. 207 (N.D.Ga.1988), *aff'd mem.* 873 F.2d 1406 (11th Cir.1989).

The Order and Judgment also contains findings of fact that amount to "defalcation" while acting in a fiduciary capacity within the meaning of § 523(a)(4). "Defalcation" generally means the "failure of the fiduciary to account for the money he received in his fiduciary capacity." *Hirsch v. Winter (In re Hirsch),* 108 B.R. 345, 347

(S.D.Fla.1989); *See Carey Lumber Co. v. Bell,* 615 F.2d 370, 376 (5th Cir.1980) (misappropriation need not be intentional); *See also Central Hanover Bank & Trust Co. v. Herbst,* 93 F.2d 510 (2nd Cir.1937). "Defalcation" is "the slightest misconduct, negligence or ignorance and it does not require intentional conduct". *Matter of Burgess,* 106 B.R. 612, 623, 21 C.B.C.2d 1310, 1321 (Bankr.Neb.1989), *citing Berry v. Mullin (In re Mullin),* 91 B.R. 175 (Bankr.S.D.Fla.1988). The finding in the Order and Judgment that Richard Postell "knowingly and wilfully failed to exercise ordinary diligence" in the preservation and protection of the trust property precludes any argument that defendant's conduct did not amount to a defalcation. Furthermore, the Auditor's Report is replete with findings that amount to defalcation on the part of Richard Postell.

■ The findings in the Order and Judgment and in the Auditor's Report also amount to a determination that Kathy Postell's conversion of trust funds was willful and malicious within the meaning of 11 U.S.C. § 523(a)(6). The term "willful" means intentional and deliberate. *See Chrysler Credit Corporation v. Rehban (In re Rehban),* 842 F.2d 1257, 1264 (11th Cir.1988). The Order and Judgment states that Kathy Postell "knowingly and wilfully converted trust funds designated for the support and upkeep of the beneficiaries for the support and entertainment of non-beneficiaries, including herself, and that, pursuant to *O.C.G.A.* 53–12–7, Defendant Kathy Postell is directly liable to the beneficiaries for the funds thus expended." The Superior Court thus found Kathy Postell's conversion of trust funds to be willful, and she is estopped from relitigating that issue.

The final element in plaintiff's § 523(a)(6) claim is the requirement that Kathy Postell's acts were "malicious". "Malicious" under § 523(a)(6) means "wrongful and without just excuse or excessive even in the absence of personal hatred, spite or ill will." *Gunter v. Morton (In re Morton),* 100 B.R. 607 (Bankr.N.D.Ga.1989) *citing Sunco Sales, Inc. v. Latch (In re Latch),* 820 F.2d 1163, 1166 n. 4 (11th Cir.1987) (citations omitted). The Auditor's Report

contains numerous findings that amount to findings of malice within the meaning of § 523(a)(6). Specifically, the auditor found that Kathy Postell made affirmative misrepresentations as to the status of and use of trust monies, that she had no regard for the preservation of the trust on behalf of the beneficiaries; and that her uses of trust funds funds were excessive, extravagant and unmerited.

While the parties have not addressed the collateral estoppel effect of the auditor's findings, the issue is important because the findings relating to malicious injury are found in the Auditor's Report rather than in the text of the Order and Judgment. The Auditor's Report was filed pursuant to O.C.G.A. § 9–7–8. Defendants apparently did not file any exceptions to the report, and the Superior Court did not reverse or set aside any part of the report. Findings of fact by an auditor are analogous to a jury verdict. *Holton v. Langford*, 189 Ga. 506, 519, 6 S.E.2d 304 (1939); *Also see Norair Engineering Corp. v. Saint Joseph's Hospital, Inc.*, 147 Ga.App. 595, 605, 249 S.E.2d 668 (1978). O.C.G.A. § 9–7–21 provides that if the auditor's report is not excepted to, the Court shall frame a proper judgment or decree. Thus, the judgment was based on the Auditor's Report, and the findings in the Auditor's Report, much like a jury's special verdict or a jury's answer to interrogatories, were a necessary part of the judgment entered.

In conclusion, factual issues relevant to the bankruptcy court adversary proceeding are identical to the issues determined in the Superior Court Litigation. The findings set forth in the Order and Judgment along with the findings in the Auditor's Report contain all of the elements necessary for a determination of nondischargeability under § 523(a)(4) as to defendant Richard Postell and under § 523(a)(6) as to defendant Kathy Postell.

Accordingly, plaintiff's motion for summary judgment is GRANTED.

IT IS SO ORDERED.